————o————

WILLIAM S. STAMPS, Appellant, *vs.* RICHARD F. BRIDWELL, *et al.*, Respondents.

1. *Mechanics' liens—Jurisdiction of circuit and justices' courts as to amounts.*— Under the constitution (Art. VI, § 13) and the statutes (Wagn. Stat., p. 430, §2) the Circuit Courts of this state have no jurisdiction to try a mechanic's lien suit, where the amount involved is less than fifty dollars.

Under the act of 1872 (Adj. Sess. Acts 1872, p. 44), justices of the peace have jurisdiction over such cases; and jurisdiction is not taken from them or conferred upon the Circuit Courts by reason of the fact that justices' courts have no process by which non-resident defendants in such proceedings can be reached.

*Appeal from St. Louis Circuit Court.*

*Jno. M. Fulton,* for Appellant.

*Marshall & Barclay and T. G. Allen,* for Respondents.

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is whether the Circuit Court of St. Louis county had jurisdiction to enforce a mechanic's lien for the sum of $41.60.

The act of March 30, 1872, provides that "in all counties having one hundred thousand permanent inhabitants, justices of the peace shall have jurisdiction in all actions brought to enforce mechanics' liens, as provided by Chap. 195 of the General Statutes of Missouri, when the amount or balance claimed to be due does not exceed ninety dollars, and any person entitled to such lien may hereafter, after having complied with the provisions of said Chap. 195, and after having filed his account and statement as provided by section 5 of said chapter, institute his action therefor as above provided."

The other provisions of this act have no particular bearing on the question of jurisdiction and need not be cited.

The constitution provides that "the Circuit Court shall have jurisdiction over all criminal cases which shall not be otherwise provided for by law, and exclusive original jurisdiction in all civil cases, which shall not be cognizable before justices of the peace, until otherwise directed by the General Assembly."

The legislature declares in regard to Circuit Courts, that they shall have power and jurisdiction as follows :

"First, as courts of law in all criminal cases which shall not be otherwise provided for."

"Second, exclusive original jurisdiction in all civil cases which shall not be cognizable before the county courts and justices of the peace, and not otherwise provided for by law."

"Third, concurrent original jurisdiction with justices of the peace in all actions founded on contract, when the debtor balance due, or damages claimed, exclusive of interest, shall exceed fifty dollars and not exceed ninety dollars ; in all actions on bonds and notes for the payment of any sum of money exceeding fifty dollars exclusive of interest and not exceeding one hundred and fifty dollars; and in all actions for injuries to person or personal or real property wherein the damages claimed shall exceed twenty and not exceed fifty dollars."

These provisions of the constitution and statutes show that the Circuit Courts have no original jurisdiction to try cases cognizable before justices of the peace, except where provision

is made for a concurrent jurisdiction—and this is not one of them.

The act of 1872 conferred jurisdiction in the case now before us on justices of the peace, and the Circuit Court had no concurrent jurisdiction, as the amount claimed was under fifty dollars. But the counsel for the plaintiff, in an elaborate and well considered argument, insists that, although the amount claimed here was within the jurisdiction of the justice, yet, as the legislature had furnished justices of the peace with no process by which non-residents could be reached, the act of 1872 did not deprive the Circuit Court of jurisdiction. But the justices had undoubted cognizance of the case—so far as the amount mentioned was concerned, and so far as one of the parties, the contractor, was concerned. That no means were given to bring in or notify the non-resident owners, seems to be a *casus omissus* in the statute which the court cannot supply. The jurisdiction of a court does not depend upon its facilities or powers for notifying the parties. It may happen in cases of undoubted jurisdiction, that the failure to notify defendants may put a stop to the proceeding, or render it void, if persisted in.

There is no doubt that this case was cognizable before a justice of the peace under the act of 1872. The failure of the legislature to give the justices some means of notifying non-resident defendants, is not a matter which affects their jurisdiction of such cases. The legislature simply omitted to provide for such cases. The courts have no power to provide for such omissions.

The judgment of the General Term is therefore affirmed. The other judges concur.