WILLIAMS, *Plaintiff in Error*, v. PAYNE.

**Special Tax Bills:** CIRCUIT COURT, JURISDICTION. Under the constitution of 1865, article 6, section 13, and Wagner's Statutes, (p. 430, § 2,) the circuit court of Jackson county had no jurisdiction of a suit to enforce the lien of a special tax bill for a less sum than $50.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*C. J. Bower* for plaintiff in error.

The circuit court had jurisdiction of the suit to enforce the lien of the special tax bill, although the latter was for a less sum than $50. *Cranston v. Union Trust Co.*, 75 Mo. 29; *Hunt v. Hopkins*, 66 Mo. 98; *Smith v. Clark Co.*, 54 Mo. 58; *Fickle v. Railroad Co.*, 54 Mo. 225.

*Tichenor, Warner & Dean* for defendant in error.

The circuit court had no jurisdiction to enforce the special tax bill. *Fickle v. Railroad Co.*, 54 Mo. 219; *Stamps v. Bridwell*, 57 Mo. 22; *Hunt v. Hopkins*, 66 Mo. 98; Acts 1872, p. 411.

Ray, J.—This is an action of ejectment, for the north one-half of lot No. 82, in Swope's addition to Kansas City. The petition is in the usual form : the answer is a general denial.

The plaintiff, as shown by the record, claims title under a sheriff's deed, made under a special execution and judgment of the Jackson circuit court, in a suit commenced in said court to enforce against said lot the lien of a special tax bill, for the sum of $27.96, issued by said Kansas City, under its charter, for grading its streets and sidewalks. Sess. Acts 1872, pp. 410, 411. The suit to enforce said tax bill was commenced in the Jackson circuit court on May 18th, 1874. Christie A. Tolbert, and her husband, Sylvester Tolbert, were made defendants, as the owners of said lot, and being non-residents of the State, were brought in by publication, and making no appearance, a special judgment by default was rendered, that plaintiff recover the amount of said tax bill, to be levied of the lot in question.

At execution sale, under this judgment, the present plaintiff became the purchaser, and brings this suit to recover the lot so bought, against this defendant, who is the tenant of the said Tolberts. A jury being waived, the court tried the cause, and at the instance of the defendant, gave a declaration of law, to the effect that the Jackson circuit court had no jurisdiction to entertain a suit commenced in said court, to enforce the lien of a special tax bill for the sum in question, or for less than $50, and thereupon found the issues for the defendant, from which the plaintiff has appealed to this court. The only question,

therefore, is, whether this ruling of the circuit court is correct.

The charter of Kansas City, Sess. Acts 1872, p. 410, 411, provides for the issuance of such special tax bills as the one in suit, and authorizes its collection by suit, " in any court of competent jurisdiction," in the name of the contractor or his assignee. The charter also provides that if the owner of the lot be a non-resident of the State, he may be sued and brought in by an order or notice against him published, as in ordinary suits, to enforce a lien against land. The charter further provides that in a suit on any tax bill, the judgment shall be special, and that the plaintiff recover the amount of said tax bill, to be levied of the lot charged with the lien.

The charter then further provides that : " When the amount due on any tax bill does not exceed $300, suit may be brought thereon before the recorder of the city, or any justice of the peace in said city, as in other civil cases," etc.

The above are all the material provisions of the charter bearing on the question at issue. The constitution provides that : " The circuit court shall have jurisdiction over all criminal cases which shall not be otherwise provided for by law, and exclusive original jurisdiction in all civil cases which shall not be cognizable before justices of the peace, until otherwise directed by the general assembly." Const. of 1865, § 13, art. 6 ; 1 Wag. Stat., p. 54. The statute in regard to circuit courts, then in force, declares that they shall have power and jurisdiction, as follows:

" *First*, as courts of law, in all criminal cases, which shall not be otherwise provided for.

" *Second*, exclusive original jurisdiction in all civil cases which shall not be cognizable before the county courts and justices of the peace, and not otherwise provided for by law

" *Third*, concurrent original jurisdiction with justices of the peace, in all actions founded on contract, when the debt or balance due, or damages claimed, exclusive of interest, shall exceed $50, and not exceed $90 ; in all actions

on bonds and notes for the payment of any sum of money exceeding $50, exclusive of interest, and not exceeding $150; and in all actions for injuries to the person, or personal or real property, wherein the damages claimed shall exceed $20, and not exceed $50." 1 Wag. Stat., p. 430, § 2.

In the case of *Stamps v. Bridwell*, 57 Mo. 22, 23, this court had occasion to construe these provisions of the constitution and statutes, in connection with section 1 of "An act to extend the jurisdiction of justices of the peace in certain counties, so as to embrace suits on mechanics' liens," approved March 30, 1872. Sess. Acts 1872, p. 44.

That section provides that "in all counties having over 100,000 permanent inhabitants, justices of the peace shall have jurisdiction in all actions brought to enforce mechanics' liens as provided by chapter 195 of the General Statutes of Missouri, when the amount or balance claimed to be due does not exceed $300; and in every county having less than 100,000 permanent inhabitants, justices of the peace shall have such jurisdiction where the amount or balance claimed to be due does not exceed $90.00; and every person entitled to such lien, may hereafter, after having complied with the provisions of said chapter 195, and after having filed his account and statement as prescribed by section five of said chapter institute his action therefor as above provided."

In passing upon that case, *Stamps v. Bridwell, supra,* which was a suit in the circuit court of St. Louis county, to enforce a mechanic's lien for the sum of $41.60, this court uses this language: "These provisions of the constitution and statutes show that the circuit courts have no original jurisdiction to try cases cognizable before justices of the peace, except where provision is made for a concurrent jurisdiction and this is not one of them." Prior to the act of March 30, 1872, *supra,* the circuit courts had exclusive original jurisdiction over all suits to enforce mechanics' liens. That act made suits of that sort, under certain sums cognizable before justices of the peace with-

out any provision therein for concurrent jurisdiction. The effect as we have seen, under a proper construction of these several constitutional and statutory provisions, was to exclude the suits thus made cognizable before justices of the peace, from the original jurisdiction of the circuit courts. So in the case at bar, upon the same principle, the original jurisdiction of the circuit court over suits to enforce the lien of these special tax bills thus made cognizable before justices of the peace by the charter of Kansas City, must be held to be excluded. Like the act of March the 30, 1872, concerning mechanics' liens, the Kansas City charter, without more, makes suits to enforce these special tax bills, cognizable before justices of the peace when the amount does not exceed $300. The suit in this case, upon which the plaintiff's title to the lot in question depends, was as we have seen for an amount thus cognizable before justices of the peace, and over which, according to the authorities the circuit court of Jackson county had no jurisdiction; and it must, therefore, be held that its judgment was void, and that the proceedings and sheriff's deed thereunder, to the plaintiff, gave him no title to the lot thus sold.

In the case of *Hunt v. Hopkins*, 66 Mo. 98, which was a suit in the special law and equity court of Jackson county to enforce the lien of several special tax bills, under the same charter of Kansas City, the court virtually recognize the same doctrine, and impliedly holds that the court has no jurisdiction, under said charter, of suits for a sum less than $50. The cases of *Smith v. Clark Co.*, 54 Mo. 58, and *Fickle v. St. Louis, K. C. & N. R'y Co.*, 54 Mo. 219, are in harmony with the same doctrine.

The case of *Cranston v. Union Trust Co.*, 75 Mo. 29, to which we have been cited, as holding a different doctrine, is not in point. That was a case of a suit in the circuit court of Monroe county, to enforce a lien against the railroad of defendant for work done on its road-bed, amounting in value to the sum of $22.43, and it was there held, and we think justly, that the circuit court had exclusive juris-

diction of such suits; and the reason assigned therefor was that no jurisdiction had ever been conferred upon justices of the peace to enforce liens against railroads, as had been done in the case of ordinary mechanics' liens. This case, therefore, is no authority against the doctrine of the other cases, and rests upon reasons peculiar to itself. The fact that the defendants in the suit to enforce the tax bill, upon which plaintiff's title rests, were non-residents, and were brought in by publication, as provided by the charter, cuts no figure and has no bearing on the question of the jurisdiction of the Jackson circuit court in that case. The fact that the imposition of a tax, technically considered, may not arise out of contract or *ex delicto*, is not important in this case.

There is, therefore, no error in this record, and the judgment of the circuit court is affirmed. All concur.