THE STATE TO THE USE OF JACKSON COUNTY V. HICK-MAN, *et al.*, *Appellants.*

1. **Statute:** CLERKS OF COURTS : FEES. Section two of the act of the general assembly, approved March 30, 1874, relating to fees of clerks of courts of record, continued in force until superseded on the first Monday in January, 1883, by R. S., section 5627.

2. **County Clerks:** FEES OF OFFICE. Services rendered by a county clerk to school districts, in furnishing names of persons owning real and personal property, to enable the county clerk to extend on the tax books the taxes assessed against such persons by such districts, do not belong to the duties of the office of the county clerk, and fees received by him therefor are not such as are denominated the fees of his office, and are not to be accounted for in his settlements with the county court.

3. ———: SETTLEMENTS WITH COUNTY COURT. But where such services were rendered by the deputy clerks during office hours and the fees therefor were reported by the clerk to the court and ordered to be paid into the treasury, which was done, the clerk cannot afterwards, in an action on his bond given for a subsequent term of office and for failure to pay over fees accruing during said subsequent term, claim credit for such fees on the ground that they were reported to the court and paid into the treasury by mistake, in the absence of evidence on the question of such mistake or error in reporting and paying such fees into the treasury.

4. **Orders of County Court :** JUDGMENTS. The orders of a county court in its settlement with the clerk, and by which the amount of fees to be retained by the clerk and the amount to be paid by him into the treasury are determined, partake of the nature of judgments.

5. **County Clerks :** FEES OF OFFICE. Fees charged by the clerk of a county court for taking acknowledgments of deeds, granting certificates to pension papers, and certificates of authority of other officers to act, affidavits, etc., constitute a part of the fees of his office, and as such are to be accounted for by him in settling with the county court.

*Appeal from Jackson Circuit · Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Comingo & Slover,   Peak & Yeager,*   and  *C. O.
Tichenor* for appellants.

(1)   R. S., 1879, sec. 5526, *et seq.*, amended the act
of 1874 and constitute a revision of the latter act.
*Falconer v. Robinson,* 46 Ala. 340.   Such parts of the
old statute as were not incorporated into the revision are
annulled.   *Buck v. Spofford,* 31 Me. 34;  *Hughes v.
Farrow,* 45 Me. 72.   (2)  If, then, the Revised Statutes
of 1879 amended the act of 1874, and covered the whole
subject matter of that act, although there is no clause to
that effect, it operated as a repeal of the act of 1874.
*Bartlett v. King,* 12 Mass. 537;  *Michols v. Squire,* 5
Pick. 168;  *Corn v. Cooley,* 10 Pick. 37;  *Mich. Canal
Co. v. Chicago,* 14 Ill. 336;  Sedg. on Statutes, p. 126;
*United States v. Claflin,* 7 Rep. 33;  97 U. S. Rep;  *Gray
v. Mont,* 45 Iowa 591;  *Broaddus v. Broaddus,* 10 Bush,
p. 306;  14 Am. Decis., p. 210, note;  *Murdock v. City
of Memphis,* 20 Wall. 590;  *Bowen v. United States,* 100
U. S.;  *State v. Beagly,* 60 Mo. 220.   (3)  And if the
subsequent statute be not repugnant in all its provisions
to the prior one, yet if the latter statute was clearly
intended to prescribe the only rule that should govern in
the case provided for, it repeals the original act.
*Rochester v. Barnes,* 26 Barb. 657;  *State v. Jersey City,*
40 N. J. L. 257.   (4)  In any event, this is a case of
*casus omissus.*   The courts must take the act as the
legislature has made it.   A *casus omissus* can in no case
be supplied by a court of law, for that would be to make
laws.   Sedg. on St., p. 307;  *Ex Parte Donalson,* 44
Mo. 149;  *Stamper v. Bridwell,* 57 Mo. 22;  *Beskin v.
Hill,* 53 Mo., p. 492.   Whatever may have been the
intention of the legislature, it can only be gathered from
the words used by it in the act itself, or acts in *pari
materia.*   Sedg. on St., pp. 243, and 382, and 3, and
cases cited.

*Henry M. Withers* and *E. P. Gates* for respondent, referred to the written opinion of the circuit judge.

DeArmond, C.—This action is on the official bond of Wm. Z. Hickman, as county clerk of Jackson county, for the term of four years, beginning the first Monday in January, 1879. It is against Hickman and his sureties, to recover the amount of fees of the office alleged to have been wrongfully retained by said Hickman. The petition is in the usual form, and contains two counts, the first for $4084.48, fees charged to have been wrongfully retained by Hickman out of the receipts of his office from the first Monday in January, 1879, to the thirty-first day of October, 1879, both inclusive; which amount, it is alleged, was ascertained by the county court on an examination of said Hickman's reports covering that period, to be in excess of his salary at the rate of $2500 per annum, and the clerk hire allowance made him by said county court, and that he was ordered by said county court to pay into the county treasury such excess of fees in his hands, to-wit: $4084.48, which he has refused to do. The second count is to recover fees to the amount of $823.72, alleged to be the excess of the amount of the fees of the office for the year from November 1, 1879, to November 1, 1880, ascertained by the county court as in the other case, and ordered to be paid by said Hickman into the county treasury, and not by him paid.

The answer admits the allegations of the petition as to the giving of the bond, its condition, etc., and says that the county court on a re-examination, in January, 1881, of said Hickman's annual reports from 1875 to October 31, 1879, after deducting from the receipts of his office his salary computed at the rate of $2500 per annum and the allowances for clerk hire, found there was due the county said sum of $4084.48. That in said reports, by the mistake of said Hickman, were embraced sums

aggregating $1318.75, received by said Hickman in 1875, 1876, 1877, and 1878; the amount received each ·year being stated, which several sums were paid said Hickman by the Kansas City, Independence, and Westport school districts for services in furnishing names of persons owning real and personal property, to enable the county clerk to extend on the tax books the taxes assessed against such persons by the respective school districts. That said receipts did not belong to the office, and were by mistake included with the fees of the office, reported during said years. That said sums, by mistake, had been paid into the county treasury and that credit should be given, and appellants prayed credit, for said $1318.75 "upon any finding or judgment, if any," that might be rendered against them. It was also alleged that of the $823.72 claimed in the second count of the petition, $306.03 was received for the like services rendered the Kansas City school district; that it didn't belong to the office, and was by mistake included in said Hickman's report, made in May, 1880, and the like credit for $306.03 was asked on any recovery, if any, on the second count. It was also alleged that, embraced in the different reports of said Hickman, was an aggregate of $120.75, received for taking acknowledgments to deeds, granting certificates to pension papers, and certificates of authority of other officers to act, affidavits, etc., none of which fees, it was claimed, belonged to the office, and a credit for that sum was prayed on any recovery, if any, against appellants. The answer further denies the authority of the county court to examine Hickman's reports to determine what amount of fees he might retain, and denies that the county ever was entitled to the sums claimed, or is entitled to a recovery at all, but asserts that the sums claimed were, and remained, the property of said Hickman, and asked judgment for costs.

The reply is that the $1318.75 and $306.03 were received by Hickman in his official capacity for services

rendered by his deputies during office hours, and that said sums constituted part of the fees of said office, and denies that the $1318.75, or any part of it, was erroneously or by mistake reported or paid into the treasury, and alleges that the $120.75 was received by Hickman in his official capacity, for services so rendered, and that none of the credits asked should be given.

This stipulation was given in evidence: "It is hereby agreed by the parties herein, in addition to the facts admitted by the pleadings in this case, that the services rendered by the defendant, Wm. Z. Hickman, for the Kansas City, Independence, and Westport school boards, as set out in defendant's answer, were performed by the deputy county clerks of said Hickman, and during office hours."

The cause being submitted to the court sitting as a jury, appellants asked declarations of law on the theories advanced in their answer, all of which the court refused. The court found for the plaintiff, and assessed the damages on the first count at $4084.48, and on the second count at $517.69, allowing the credit of $306.03 as prayed in the answer. Judgment was rendered for the amount of the penalty named in the bond, $5,000, and costs; execution to go for the amount of damages assessed, $4602.17, with interest at twenty per cent. per annum from date of judgment, and costs. Motions for new trial and in arrest being overruled the cause was appealed to this court.

1. By the act of March 30, 1874, in relation to courts of record (Acts 1874, pp. 63, 64), the county clerk of the county of Jackson was entitled to retain annually out of the fees of his office two thousand five hundred dollars, and, in addition, such sum as the county court should allow for necessary clerk hire; and any funds then remaining from such fees were to go into the county treasury. This law was revised and amended in 1879, and as revised and amended is to be found in the Revised Statutes, section 5626 to section 5630. An important change in the law consists in a reduction in the amount which the

clerks might retain as their compensation out of the fees of their office, the reduction in the case of the clerk of the Jackson county court being five hundred dollars, annually, and in fixing limits within which allowances for deputies and assistants must be confined. The section effecting this reduction (5627, R. S.) contains a proviso "that the provisions of this section shall not take effect until after the expiration of the terms of office of the present clerks of courts of record," whose terms would regularly extend to the first Monday in January, 1883. The act of 1874 was not expressly repealed. Section two of that act regulated the compensation and allowances of the clerks. This section two was not carried into the Revised Statutes. Now, it is contended by appellants that since the entire act of 1874 was revised and amended, therefore, the amended act repealed that of which it was amendatory, so that between the taking effect of the Revised Statutes in November, 1879, and the first Monday in January, 1883, neither section two of the old act nor the revised section (5627) was in force; and hence, there being no law limiting the amount of fees the clerk should retain, he was privileged and entitled to retain all he might receive, and this action must fail.

The general rule certainly is that an act purporting to revise and amend another act and embracing its subject matter, whether old provisions are retained, excluded, or modified, and whether or not new provisions are incorporated, does by necessary implication, if not in express terms, effect the repeal of the old law, unless a different purpose is manifested. It is clear enough that the legislature did not *intend* that the old section two should be repealed before the new section 5627 should become the law. In section 3160, Revised Statutes, it is provided that: "All acts of a general nature, revised and amended and re-enacted at the present session (1879) of the general assembly, so soon as such acts shall take effect, shall be taken and construed as repealing all prior

laws relating to the same subject." And section 3161 further provides that: "All acts or parts of acts of a general nature in force at the commencement of the present session of the general assembly, and not re pealed, shall be, and the same are hereby continued in full force and effect, unless the same be repugnant to the acts passed or revised at the present session." Section two of the act of 1874 was in force at the commencement of the revising session as a portion of the general law. It was not repealed, it was not repugnant to any act passed or revised at that session, and put into effect in November, 1879. And so it continued "in full force and effect" until superseded in 1883 by section 5627, Revised Statutes. The committee of revision could not, by their failure to carry forward this continuing portion of the act of 1874, lessen its binding force.

2. Did the court err in refusing to allow, as a credit, the $1318.75 received in 1875, 1876, 1877, and 1878, for services rendered for the school districts? The services so rendered did not belong to the duties of the office of county clerk. The school directors were charged with the duty of performing them (acts 1875, p. 144; R. S., sec. 7049). Hickman could not be said to have obtained this money as county clerk, and the receipts were not such as could be denominated fees of the office. But in this case the $1318.75 was earned by the deputy county clerks, as the parties agree, during office hours. These deputies were paid out of fees which, if not paid to them, would have gone into the treasury of the county. There is nothing in the record to show whether or not more was allowed by the county court for clerk hire during these years of 1875, 1876, 1877, and 1878, than it must have been necessary to allow, if the time of the deputies, during office hours, had not been devoted, in part, to the performance of the labors that brought the aggregate of $1318.75 into the hands of Hickman. These receipts were for the four years prior to the execution of the bond sued on. It cannot, therefore, be objected that the

sureties are held accountable for receipts not forming a part of the fees of the office. That they are not held for anything received for services of the nature of these is apparent in the allowance of the credit of $306.03. They could ask no more on this account. *State ex rel. v. Moeller*, 48 Mo. 331. There is no evidence at all upon the question of mistake or error in the reporting or paying into the treasury of this $1318.75, or any part of it. The answer alleges that the sums aggregating the $1318.75 were erroneously and by mistake reported and paid. This the reply denies, and there the question rests. There is no claim to this $1318.75 asserted by pleading it as a set-off or as a counter-claim, nor is there any allegation, or mistake, or error, on the part of the county court in its settlements with the clerk for the years 1875, 1876, 1877, or 1878, nor is any reason given why these settlements should not stand. The answer merely is that this aggregate did not really form any part of the fees belonging to the office, but was by mistake of appellant, Hickman, reported and paid as such, and "that said sum of $1318.75 ought to be allowed and credited to said Hickman upon any finding or judgment, if any, that may be rendered against him or the defendants herein, and for which and all other relief they pray." The orders of the county court made in the settlements with the clerk, and by which the amount of fees to be retained by the clerk, and the amount to be by him paid into the county treasury, are determined, partake of the nature of judgments. They cannot be treated as of no consequence. *Peake v. Redd*, 14 Mo. 79; *State ex rel. v. Sullivan County Court*, 51 Mo. 522. The court did not err in denying the credit.

3. The exercise of the functions of appellant, Hickman's, office put into his hands the $120.75, for which, as by mistake on his part reported, credit was asked. Section 5626. What the officer, as such, earned and received was properly regarded by the court as constituting a portion of the fees of the office.

VOL. 84—6

The record disclosing no error, the judgment should be affirmed. Martin, C., concurs ; Ewing, C., dissents.

EWING, C., DISSENTING.—I concur in the opinion in this case, except as to its conclusion concerning the item of $1318.75. This suit was on Hickman's official bond to recover money alleged to be due the county for ."fees for all services of whatever character, *done in his official capacity*," etc., received by him over and above what is allowed by law. Sec. 5626, R. S. 1879. The state can recover nothing more. The securities on his bond are liable for nothing more. It is admitted that this item was not received by him in his official capacity. The plaintiff's petition in the two counts where these items are claimed, are identical, and the answer to each count is identical. In the one, the three hundred and six dollars item, the court below allowed the credit. In the other it is refused. The thirteen hundred and eighteen dollars item arose under an old bond, and if Hickman is liable for this sum his bondsmen on the bond in suit were not. It required no further evidence as to the $1300 item than the written stipulation that this certain sum was not received by Hickman in his official capacity. The county is not legally entitled to this money and ought not to recover it. In my opinion Hickman and his securities ought to have credit for $1318.75.