JOSEPH MASON, Respondent, v. O. E. HANNAH *et al.*,
Appellants.

**Kansas City Court of Appeals, April 5, 1888.**

1. JURISDICTION—ACTION OF REPLEVIN IN COUNTIES HAVING LESS
THAN FIFTY THOUSAND INHABITANTS—CASE ADJUDGED.—By section
1102, Revised Statutes, jurisdiction is given to circuit courts,
which is original and exclusive, only where the action is not
cognizable before the county courts, probate courts, and justices
of the peace, " and not otherwise provided for." In the matter of
replevin, jurisdiction is conferred on justices of the peace (Rev.
Stat., sec. 2881), "in all counties having less than fifty thousand
inhabitants, when the value of the property sought to be recovered
shall not exceed, in the aggregate, one hundred and fifty dollars."
*Held*, that the jurisdiction of the circuit court over the subject-
matter of this action is not original and exclusive because it is
"otherwise provided for" in said section 2881, Revised Statutes.
*Held, further*, that it has not concurrent jurisdiction with justices
of the peace, because such jurisdiction is conferred on it only "in
all civil actions and proceedings for the recovery of money," and
this is not such action.

2. ——— STATUTES OF 1855 AND 1865 ON THE SAME SUBJECT—OMIS-
SIONS IN THE STATUTE OF 1879.—In the statutes of 1855 and 1865
(Rev. Stat., 1855, sec. 3, p. 925, and Gen. Stat., 1865, sec. 3, p. 697),
concerning justices of the peace, there was in the corresponding
sections to the one in 1879 a fourth subdivision conferring concur-
rent jurisdiction on justices of the peace and circuit courts in all
actions for the recovery of specific personal property, not exceeding
fifty dollars in the statute of 1855, and one hundred dollars in the
statute of 1866, and damages, etc., not exceeding twenty-five
dollars. This subdivision is omitted from the statutes of 1879, and
this court cannot assume that it was unintentional.

APPEAL from Randolph Circuit Court, HON. G. H.
BURCKHARTT, Judge.

*Reversed and petition dismissed.*

The case is stated in the opinion.

BEN. T. HARDIN, for the appellants.

I. The court below erred in refusing appellants'

demurrer to the evidence offered by respondent. Rev. Stat., secs. 5720, 5726 ; *Stamps v. Bridwell*, 57 Mo. 22 ; *Hickerson v. Benson*, 8 Mo. 8 ; *Wimer v. Pritchartt*, 16 Mo. 255 ; *Kitchen v. Greenabaum*, 61 Mo. 110 ; Rev. Stat., secs. 2881, 1102, 3844, 1103 ; *Murphy v. Campbell*, 36 Mo. 110.

II. The demurrer should have been sustained by the court below. It drives directly at both the pleadings and the evidence. The petition shows on its face that the circuit court had no jurisdiction of the subject-matter, in the first instance. The value of the watch is laid in the petition at one hundred and twenty-five dollars. On the trial it is admitted to be one hundred dollars. *Murphy v. Campbell*, 36 Mo. 110. Section 2881, Revised Statutes, gives justices of the peace jurisdiction of such cases, whether the number of inhabitants is more or less than fifty thousand. There is no evidence in this case as to the population of Randolph county. But whether more or less than fifty thousand. justices of the peace have jurisdiction when the value of the property sought to be recovered does not exceed one hundred and fifty dollars. And the jurisdiction of a justice is exclusive, for section 1102, Revised Statutes, pertaining to circuit courts, does not give the circuit court concurrent original jurisdiction of this case. The third subdivision of the last-named section applies only to actions "for the recovery of money," when the sum demanded is between fifty and one hundred and fifty dollars, and has no application in replevin suits. And section 3844 does not change the matter, for it corresponds to section 1103, under justices' courts. The circuit court had no jurisdiction, and that point can be raised here for the first time. *Bray v. Marshall*, 66 Mo. 122 ; *Henderson v. Henderson*, 55 Mo. 534 ; *Abernathy v. Moore*, 83 Mo. 65. The point is made, however, in the motion in arrest of judgment. And jurisdiction could not have been conferred by consent of parties. *Brown v. Woody*, 64 Mo. 547 ; *Dodson v. Scroggs*, 47 Mo. 285 ;

*Cones v. Ward*, 47 Mo. 289. The suit should have been instituted in the proper court. *Stone v. Corbett*, 20 Mo. 350, 353. The jurisdiction of the circuit court given in section 1102, Revised Statutes, can neither be enlarged nor extended to causes other than those for which particular provision is made therein. *Sims' Adm'r v. Kelsay*, 75 Mo. 71. Section 1102 corresponds with section 2835, pertaining to justices of the peace. Each section defines the jurisdiction of the respective courts, "for the recovery of money." But in this case, the circuit court had no jurisdiction, and plaintiff should have been sent out of court on demurrer to the pleadings and evidence. *Murphy v. Campbell*, 36 Mo. 110. No original jurisdiction unless provision is made. *Stamps v. Bridwell*, 57 Mo. 22.

III. Plaintiff was not entitled to recover the watch under the gambling act (Rev. Stat., sec. 5720), because only "bets and wagers on any election authorized by the constitution and laws of this state are gaming, within the meaning of this chapter." Rev. Stat., sec. 5726. A primary election held by a political party is not such an election. 8 Mo. 8. The law will not permit plaintiff to wait until the time for the determination of his bet to rescind the same and then aid him in the recovery of his property. 8 Mo. 11. After money has been lost and won, and the result generally known, neither party should be heard in a court of justice. *Gridley v. Dorn*, 57 Cal. 78; *Hill v. Kidd*, 43 Cal. 615; *Gregory v. King*, 58 Ill. 169.

IV. The plaintiff cannot recover in this suit unless he has demanded the property of the stakeholder previous to the day on which the debt was to be determined. Rev. Stat., sec. 5727; *Wimer v. Pritchartt*, 16 Mo. 255.

V. The transaction was all immoral, and against public policy. *Hickerson v. Benson*, 8 Mo. 8. And the law will leave plaintiff where it found him. Courts will not sit as the arbiters of the gaming-table, or the umpires of the prize-ring. *Kitchen v. Greenabaum*, 61

Mo. 110. If the plaintiff cannot open his case without showing he has broken the law, the court will not assist him, whatever his claim may be upon the defendant. *Holt v. Green*, 73 Pa. St. 198 ; 2 Kent Com. [8 Ed.] 598 ; *Woodworth v. Bennett*, 43 N. Y. 273. The opinion in the case of *Kitchen v. Greenabaum*, 61 Mo. 110, presents the law by which this case should be governed. And I can make no better argument for the position herein contended for, than is shown in that opinion, and in the brief of counsel for defendant in error in the case, which is there endorsed by our Supreme Court. And under the authorities, and the circumstances surrounding this case, the court below should have sustained the demurrer offered to plaintiff's evidence, and for such error the judgment should be reversed.

No brief for the respondent.

PHILIPS, P. J.—This is an action of replevin, brought in the circuit court, to recover a watch, alleged in the petition to be of the value of one hundred and twenty-five dollars. No damages are alleged. It was admitted at the trial that the watch was of the value of one hundred dollars. Plaintiff had judgment, and defendants have appealed.

The question arises on this record, did the circuit court have jurisdiction over the subject-matter of the action? The source of its jurisdiction is found in section twenty-two, article six, of the state constitution : "The circuit court shall have jurisdiction over all criminal cases not otherwise provided for by law ; exclusive original jurisdiction in all civil cases not otherwise provided for ; and such concurrent jurisdiction with, and appellate jurisdiction from, inferior tribunals and justices of the peace as is or may be provided by law." Section thirty-seven, same article, provides : "In each county there shall be appointed, or elected, as many justices of the peace as the public

good may require, whose powers, duties, and duration in office, shall be regulated by law."

Accordingly the legislature (Rev. Stat., 1879, sec. 1102), assigned to the circuit courts jurisdiction, first, as courts of law in all criminal cases which shall not be otherwise provided for by law; second, exclusive original jurisdiction in all civil cases which shall not be cognizable before the county courts, probate courts, and justices of the peace, and not otherwise provided by law; third, concurrent original jurisdiction with justices of the peace in all civil actions and proceedings for the recovery of money * * * when the sum demanded, exclusive of interest and costs, shall exceed fifty dollars and does not exceed one hundred and fifty dollars; * * * in all counties or cities having over fifty thousand inhabitants, concurrent original jurisdiction with justices of the peace of all actions or proceedings for the recovery of money, * * * when the sum demanded, exclusive of interest and costs, shall exceed fifty dollars, and not exceed two hundred and fifty dollars." The other clauses of this section pertain to actions against railroad companies, and the appellate jurisdiction of the circuit courts from the judgments, etc., of probate, county, and justices' courts. Section 2835, Revised Statutes, which confers or defines the jurisdiction of justices of the peace, also has exclusive reference to "civil actions and proceedings for the recovery of money," and is in harmony with the section defining the jurisdiction of circuit courts. It is to be observed that the original, exclusive jurisdiction of the circuit court is given only where the action is not cognizable before a justice of the peace, "and not otherwise provided for."

In the matter of replevin, jurisdiction is conferred on justices of the peace by section 2881, Revised Statutes: "In all counties or cities, having over fifty thousand inhabitants, justices of the peace shall have jurisdiction of actions for the recovery of specific personal property, when the value of the property sought

to be recovered, and the damages claimed, etc., shall not exceed, in the aggregate, two hundred and fifty dollars ; and in all counties having less than fifty thousand inhabitants, justices of the peace shall have such jurisdiction when the value of the property sought to be recovered, etc., shall not exceed, in the aggregate, one hundred and fifty dollars." This is a new section, first appearing in the revision of 1879. We will take judicial cognizance of the fact that Randolph county contains less than fifty thousand inhabitants. It follows, therefore, that the jurisdiction of the circuit court over the subject-matter of this action is not original and exclusive, because it is otherwise provided in said section 2881, giving to justices of the peace jurisdiction in the action where the value of the property does not exceed one hundred and fifty dollars. The property in controversy is of the value of one hundred dollars. Has the circuit court concurrent jurisdiction with justices of the peace? The statute confers this concurrent jurisdiction only "in all civil actions and proceedings for the *recovery of money.*" This is not such action. It is for the recovery, primarily, of specific personal property, and is in the nature of a proceeding *in rem*, with a consequential or conditional liability to a judgment *in personam* for the value of the *res*. As by the constitution concurrent jurisdiction of the circuit court with justices of the peace exists only when "provided for by law," it cannot be assumed by the circuit court where the legislature has not so provided. *Stamps v. Bridwell*, 57 Mo. 23, 24.

In the statutes of 1855 and 1865 (Rev. Stat., 1855, sec. 3, p. 925, and Gen. Stat., 1865, sec. 3, p. 697), concerning justices of the peace, there was in the corresponding sections to the one in the statute of 1879 a fourth subdivision conferring concurrent jurisdiction on justices of the peace and circuit courts in all actions, for the recovery of specific personal property, not exceeding the value of fifty dollars in the statute of 1855, and one

hundred dollars in the statute of 1865, and damages, etc., not exceeding twenty-five dollars. The omission of this subdivision from the statute of 1879 is significant, and we cannot assume that it was "unintentional, without trenching upon judicial legislation." *State v. Clark*, 57 Mo. 25; *City of St. Joseph v. Porter*, 29 Mo. App. 605.

It follows that the judgment of the circuit court is reversed, and the petition dismissed. All concur.