Davidson v. Schmidt.

---

H. J. DAVIDSON, Respondent, v. A. J. SCHMIDT, MATTIE V. ADAMS et al., Appellants.

St. Louis Court of Appeals, January 4, 1910.

1. EVIDENCE: Judicial Notice: Population of Cape Girardeau County. Courts may take judicial notice that Cape Girardeau county has less than 100,000 permanent inhabitants.

2. CONSTITUTIONAL LAW: Power to Abrogate Constitution. The sovereign authority which makes a constitution may abrogate and repeal its provisions.

3. EVIDENCE: Judicial Notice: Population of Cape Girardeau County. Courts will take judicial notice that Cape Girardeau county has less than 50,000 inhabitants.

4. STATUTES: Repeal by Implication. In jurisdictions where the principles of the common law obtain, prior statutes may be repealed by implication, perforce of a subsequent law revising the whole subject-matter of the first and intending to substitute the latter for the former.

5. **JURISDICTION: Statutes: Repeal of Statute Conferring Jurisdiction.** The repeal of a statute conferring jurisdiction will oust the jurisdiction thereby conferred.

6. **STATUTES: Repealed How.** A statute may be repealed in three ways: By express words to that effect; by such repugnance between two laws as evinces both may not operate as a rule of decision at the same time; and by such a revision of the whole subject-matter of the former laws as manifests an intention on the part of the Legislature to substitute the subsequent law for the prior—the two latter methods being regarded as repeals by implication.

7. ———: **Repeal by Implication not Favored.** Repeals by implication are not favored, and the legislative intent to that effect is not prima facie presumed, and such repeals are not adjudged to occur except where they are inevitable, or it is obvious the Legislature intended that result.

8. **MECHANICS' LIENS: Jurisdiction: Circuit Courts: Justices' Courts: Constitution Construed.** Section 22, Article VI, Constitution of 1875, which confers upon circuit courts "exclusive original jurisdiction in all civil cases *not otherwise provided for*," does not confer "exclusive original jurisdiction" upon the circuit court in actions for the enforcement of a mechanic's lien, regardless of the amount involved, inasmuch as the Act of March 30, 1872 (Acts 1872, p. 44), in force at the time said Constitution was adopted, conferred jurisdiction upon justices' courts in such actions, where the amount involved did not exceed ninety dollars.

9. ———: ———: ———: ———: **Statutes and Constitution Construed.** Section 6, Art. V, Constitution of 1820, conferred exclusive original jurisdiction in all civil cases, not cognizable before a justice of the peace, on circuit courts, until otherwise directed by the General Assembly, which provision was carried forward into the Constitution of 1865 (Section 13, Art. VI, Constitution 1865). Session Acts 1872, p. 44, conferred on justices' courts jurisdiction of mechanics' lien actions, not exceeding ninety dollars in amount in counties having less than 100,000 population, and section 3891, Revised Statutes 1899, conferred jurisdiction on justices' courts in such cases, where the amount involved did not exceed $150, in counties of less than 50,000 inhabitants. Section 22, Art. VI., Constitution 1875, provides that circuit courts shall have exclusive original jurisdiction in all civil cases "not otherwise provided for" and "such concurrent jurisdictions with justices of the peace as is or may be provided by law." Section 1674, Revised Statutes 1899, provides that circuit courts shall have "concurrent original jurisdiction with justices of the peace in all civil actions

for the recovery of money . . . when the sum demanded, exclusive of interest and costs, exceeds fifty dollars." *Held,* that circuit courts possessed exclusive original jurisdiction of mechanics' lien actions, under the Constitutions of 1820 and 1865, regardless of the amount involved, until the Act of March 30, 1872 (Session Acts 1872, p. 44), and thereafter circuit courts and justices' courts had concurrent jurisdiction of such actions, where not more than ninety dollars was involved, until the adoption of the Constitution of 1875; but that, under that Constitution, circuit courts did not have such concurrent jurisdiction, since there was no express law in force at the time of its adoption defining the concurrent jurisdiction of circuit courts with justices' courts, in such express terms as to include mechanics' lien cases, where less than ninety dollars was involved, and indeed, statutory provisions in force at that time declared and defined the concurrent jurisdiction of circuit courts with justices' courts in terms express and explicit to the exclusion of such cases (Wagner's Statutes, 1872, Sec. 3, Art. 1, ch. 82, p. 808; Sec. 2, Art. 3, ch. 41, p. 430). *Held,* also, that section 1674, Revised Statutes 1899, which provides for concurrent jurisdiction only when the amount involved exceeds fifty dollars, was enacted under the Constitutional direction to mark out the instances of concurrent jurisdiction of the two courts, and, with other provisions, purports to cover the whole subject-matter and was intended as a substitute for all prior law on the same subject, so that its effect was to divest any concurrent jurisdiction in the circuit court which may have theretofore existed, in an action for the enforcement of a mechanic's lien, where less than fifty dollars is involved.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND CERTIFIED TO SUPREME COURT.

*C. H. Daues* and *Robert L. Wilson* for appellants.

This court will take judicial cognizance of the fact that Cape Girardeau county contains less than fifty thousand inhabitants. It follows, therefore, that the jurisdiction of the circuit court over the subject-matter of this action is not original and exclusive, because it is otherwise provided in said section 2818 giving to justice of the peace jurisdiction in the action where the value of the property does not exceed one hundred and fifty dol-

lars.  As by the Constitution concurrent jurisdiction of the circuit court with justice of the peace exists only when provided for by law, it cannot be assumed by the circuit court where the Legislature has not provided. The laws of Mo. 1872, page 44, gives jurisdiction to justices of the peace in mechanics' lien cases.  Then *ipso facto,* the law regulating the jurisdiction of courts fixed the statutes, which was that "in all civil action and proceedings for the recovery of money justices of the peace have exclusive jurisdiction on all sums exclusive of interest and cost not exceeding fifty dollars.  An able, and the latest discussion of this matter is to be found in the case of Mason v. Hannah, 30 Mo. App. 190.  This case also approves Stamp v. Bredwell, 57 Mo. 322, as to this point.

*Benson C. Hardesty* for respondent.

(1)  Circuit courts acquired original exclusive jurisdiction on all mechanics' lien suits prior to the Act of March 30, 1872.  Sec. 6, art. 6, Const. 1820; Acts 1835, p. 155.  (2)  Their jurisdiction in such suits has never been taken away.  Laws Mo. 1872, p. 44 (R. S. 1899, sec. 3891); Renick v. St. Louis County Court, supra; Commonwealth v. Hudson, supra; Tackett v. Vogler, supra; Lackland v. Walker, 151 Mo. 242, following Tackett v. Vogler; St. Louis v. Hollrak, 175 Mo. 84, following Tackett v. Vogler.

NORTONI, J.—This action originated in the circuit court.  Its purpose is to enforce a mechanic's lien for an amount less than fifty dollars; that is to say, for the sum of thirteen dollars and fifty cents.  The court proceeded with the case as though it were possessed of jurisdiction over the subject-matter,  notwithstanding all of the parties are residents of Cape Girardeau county. The finding and judgment were for the plaintiff and defendant appeals.

It is argued that the cause having originated in the circuit court, the judgment must be reversed for the reason the court is without jurisdiction in the premises. We believe the argument to be sound and that the judgment should be reversed.

The identical question involved here was presented to, and ruled upon by, our Supreme Court in Stamps v. Bridwell, 57 Mo. 22, under different constitutional and statutory provisions than those which now obtain. In that case, which was an action to enforce a mechanic's lien for an amount less than fifty dollars, the Supreme Court adjudged that the circuit court was without either original or concurrent jurisdiction over the subject-matter. That case was subsequently cited and relied upon to support the proposition that the circuit court of Jefferson county was without original jurisdiction under the charter provision of Kansas City to enforce the lien of a small taxbill. See Williams v. Payne, 80 Mo. 409. Later the identical question involved in the case last cited came before the Supreme Court a second time. This was an action on a small taxbill which originated in the circuit court of Jackson county and the Supreme Court overruled its former decision in Williams v. Payne, supra, and it may be overruled the principle of Stamps v. Bridwell, supra, as well. At any rate, in this case the Supreme Court announced the doctrine that where it appeared a court had once been possessed of jurisdiction over a subject-matter, the same would continue to reside therein unless words of limitation are used in a subsequent law which is relied upon to divest the jurisdiction or the prior law is repealed. It is said substantially when subsequent legislation is relied upon to divest a court of a jurisdiction which it once exercised, there must be words of limitation contained in the subsequent act relied upon either by using the word "exclusive" *or by repealing the former act giving jurisdiction, by which it may appear that the Legislature intended not only to confer*

*jurisdiction on the new tribunal but also to divest the jurisdiction which theretofore obtained in the old one.* See Tackett v. Vogler, 85 Mo. 480. Now, it is argued here in support of the judgment of the trial court that the case last mentioned overruled Stamps v. Bridwell, supra, and that under the doctrine of Tackett v. Vogler the circuit court of Cape Girardeau county is possessed of original jurisdiction in mechanics' lien actions even though the amount involved be less than fifty dollars. The argument proceeds from the fact that under the Constitution of 1820, and until the act of March 30, 1872, touching mechanics' liens, the circuit court was possessed of original jurisdiction in respect of such matters notwithstanding the amount involved. It is said that original jurisdiction over mechanics' lien actions for such an amount having once inhered in the circuit court under the Constitution of 1820, it continues to reside there for the reason no express words of limitation employed by competent authority have ever taken it away. It is very true that "exclusive original jurisdiction in all civil cases" which were not cognizable before a justice of the peace was conferred upon the circuit court by the Constitution of 1820 until otherwise directed by the General Assembly. See section 6, article V, Constitution of Missouri, 1820; R. S. Mo. 1835, p. 23. It is true as well that the legislative authority of that period conferred exclusive original jurisdiction in all civil cases, which were not cognizable before county courts and justices of the peace, upon the circuit court. See R. S. 1835, sec. 8, p. 155. And we believe, without doubt, jurisdiction over mechanics' liens for any amount obtained in the circuit court until the act of March 30, 1872. Indeed the Supreme Court in effect so ruled. See Ashburn v. Ayres, 28 Mo. 75. The Constitution of 1865 vested in the circuit courts "exclusive original jurisdiction" in all civil cases which were not cognizable before justices of the peace until otherwise directed by the General Assembly. See Sec. 13, Art. 6, Constitution

of 1865, Gen. St. Mo. 1865.   In conformity with this grant of power "to otherwise direct," the act of March 30, 1872 (Laws 1872, p. 44) concerning mechanics' liens was passed by the Legislature.   By virtue of this enactment, justices of the peace in counties having less than 100,000 permanent inhabitants were given jurisdiction to enforce mechanics' liens where the amount or balance claimed to be due did not exceed ninety dollars.   See Sec. 1 of the act approved March 30, 1872, touching jurisdiction of justices of the peace, Laws of Missouri, 1871-2, p. 44.   It may be conceded that there are no words contained in this act which pointedly exclude the jurisdiction of the circuit court which theretofore obtained over mechanics' liens.   However this may be, the act referred to operated to confer upon justices of the peace in counties having less than 100,000 permanent inhabitants original jurisdiction to enforce such liens when the amount or balance claimed to be due did not exceed ninety dollars.   It may be conceded, too, that Cape Girardeau county is a county of less than 100,000 permanent inhabitants and that this is a question of which the court may take judicial notice. [Mason v. Hannah, 30 Mo. App. 190.]

It may be under the rule announced in Tackett v. Vogler, 85 Mo. 480, and invoked by the plaintiff that under the Constitutions and statutes above referred to the circuit court of Cape Girardeau still retained original jurisdiction over mechanics' liens notwithstanding the amounts involved.   That is to say it may be the act of March 30, 1872, did not operate to divest the circuit court of such jurisdiction as it theretofore had with respect to mechanics' liens for two reasons:   First, because no words of limitation such as "exclusive" or otherwise expressive of the legislative intent to confer exclusive original jurisdiction on justices of the peace in such cases involving less than ninety dollars appeared in the act; and, second, because the prior law was not repealed.   However this may be, the subsequent Consti-

tution of 1875 and pertinent legislation thereunder point otherwise. It seems plaintiff relies exclusively on our earlier constitutions and statutes to support the jurisdiction of the circuit court over the subject-matter of the present controversy. It is certain that the sovereign authority which made the Constitutions of 1820 and 1865 may abrogate and repeal those constitutional provisions. A new Constitution was made and adopted in 1875. The Constitution of 1875 contains the following provision touching the jurisdiction of the circuit courts:

"The circuit court shall have jurisdiction over all criminal cases not otherwise provided for by law; exclusive original jurisdiction in all civil cases not otherwise provided for; and such concurrent jurisdiction with and appellate jurisdiction from, inferior tribunals and justices of the peace as is or may be provided by law. It shall hold its terms at such times and places in each county as may be by law directed; but at least two terms shall be held every year in each county." [Sec. 22, Art. 6, Constitution of 1875.]

It will be observed that the constitutional provision above quoted confers upon the circuit courts "exclusive original jurisdiction in all civil cases not otherwise provided for." Now, it is certain that this provision does not confer "exclusive original jurisdiction" upon the circuit court in all mechanics' lien actions notwithstanding the amount involved, for the very simple reason that it expressly purports to convey "exclusive original jurisdiction" on such courts in all cases not otherwise provided for, and the matter of jurisdiction touching mechanics' liens for small amounts had theretofore been provided for by competent legislative authority in the act of March 30, 1872, heretofore cited. This act of the Legislature conferring authority upon justices of the peace in certain mechanics' lien cases continued to remain a parcel of our law at the time of the adoption of the Constitution of 1875, and so far as im-

portant here continues to obtain to the present time. That is to say, under section 3891, Revised Statutes of Missouri 1899, An. St. Mo. 1906, secs. 3891, justices of the peace in counties having less than 50,000 inhabitants have jurisdiction to enforce mechanics' liens where the amount or balance claimed to be due does not exceed one hundred and fifty dollars. The court will take judicial notice, too, that Cape Girardeau is a county having less than 50,000 inhabitants. [Mason v. Hannah, 30 Mo. App. 190.]

Although the circuit court may have possessed exclusive original jurisdiction with respect to mechanics' liens for any and all amounts between the dates of the adoption of the Constitution of 1820 and the enactment of the statute of March 30, 1872, which no doubt conferred concurrent authority on justices of the peace in certain cases, it is obvious that from and after the adoption of the Constitution of 1875 an exclusive original jurisdiction touching these matters no longer obtained in the circuit court. Indeed, such exclusive original jurisdiction did not reside in the circuit court after the statute of March 30, 1872, and the only original jurisdiction in civil cases which the Constitution of 1875 purports to confer upon the circuit court is that not otherwise provided for. The matter of jurisdiction over mechanics' liens for amounts such as that involved here had been theretofore conferred upon justices of the peace and has continued ever since.

The argument of the plaintiff concedes that justices of the peace have jurisdiction over mechanics' lien cases such as that involved here and is to the effect that the circuit court has concurrent jurisdiction thereof as well, for the reason that such jurisdiction was vested in it under the Constitution of 1820 and has never been taken away by competent words or enactment to that effect. We do not understand the Supreme Court ruled in the case of Tackett v. Vogler, 85 Mo. 480, that a jurisdiction which once resided in a court could not be taken away

by subsequent legislation in any other manner than by the employment of express words of limitation or exclusion. On the contrary, we understand the court to have declared in that case that such words will operate to take away jurisdiction which theretofore obtained *or that a repeal of the former act giving jurisdiction operates the same result.* It would be a marked variation from principle, indeed, for any court to declare that a statute giving jurisdiction may not be repealed so as to oust it, without using pointed and express words to that effect. Indeed, it is universally true in those jurisdictions where the principles of the common law obtain that prior statutes may be repealed by implication perforce of a subsequent law revising the whole subject-matter of the first and intending to substitute the latter for the former. [State ex rel. v. Patterson, 207 Mo. 129, 145; State to the use v. Hickman, 84 Mo. 74, 79; Smith v. The State, 14 Mo. 147, 152; State v. Roller, 77 Mo. 120, 129; State v. Summers, 142 Mo. 586; State v. Dalton and Fay, 134 Mo. 517, 114 S. W. 1132.] In fact, the authority relied upon by the plaintiff, that is, Tackett v. Vogler, asserts, as we understand it, that a jurisdiction once had may be divested even though express words of limitation are not employed if the former act giving the jurisdiction is repealed in such manner as to show that the Legislature intended not only to confer jurisdiction on the new tribunal but to take it away from the old as well. It is true the court in that instance was speaking more particularly of the lack of words of limitation in the act before it. However, it placed a repeal of the former act on a par with such words of limitation. The court said:

"There must be words of limitation to take it away; either by using the word 'exclusive,' *or by repealing the former act* giving jurisdiction, by which *it may appear that the Legislature intended* not only to confer jurisdiction on justices of the peace, but also *to take away the other jurisdiction.*" (Italics are our own.)

Davidson v. Schmidt.

No one can doubt for a moment that a repeal of a statute conferring jurisdiction will oust the jurisdiction thereby conferred. Repeals may be had in three ways: First, by express words to that effect contained in the statute; second, by such repugnance in the two laws as evinces that they may not both operate as a rule of decision at the same time; and, third, by such revision of the whole subject-matter of the former laws as manifests an intention on the part of the Legislature to substitute the subsequent law for the prior. The two latter methods are regarded as repeals by implication. [State v. Dalton and Fay, 134 Mo. App. 517; Young v. Kansas City, St. Jo., etc., R. R., 33 Mo. App. 509.]

It is true the law does not favor repeals by implication and the legislative intent to that effect is not prima facie presumed. Such repeals are not adjudged to occur except where they are inevitable, or it is obvious the Legislature intended that result. [State v. Dalton, 134 Mo. App. 517; Bishop's Statutory Crimes (3 Ed.), sec. 151; Pac. R. R. Co. v. Cass Co., 53 Mo. 17.] In the more recent case of Lackland v. Walker, 151 Mo. 210, 263, the Supreme Court clearly recognizes that a prior jurisdiction may be repealed and divested as well by necessary implication negativing the powers and jurisdiction of the class of courts to which our circuit court belongs as by unequivocal terms to that effect.

With these principles before us, we come now to examine as to whether the jurisdiction of the circuit court which obtained between 1820 and 1872 in respect of mechanics' liens for an amount such as involved here has been divested by subsequent law. It is entirely clear from the Constitution of 1875 and legislation thereunder that the matter of jurisdiction of the circuit court has been entirely revised with an obvious intention to substitute the later law on the subject for the former.

We have pointed out that under the Constitution of 1875 the present case does not fall within the "exclusive original jurisdiction" of the circuit court. Now,

Davidson v. Schmidt.

to consult the provisions of the Constitution contained in the same section heretofore quoted, as to the concurrent jurisdiction of such courts: It is provided in that section of the Constitution that the circuit courts shall have "such concurrent jurisdiction with . . . justices of the peace as is or may be provided by law." Here is a positive mandate of the Constitution to the effect that the circuit courts shall have only such concurrent jurisdiction with the justices of the peace as is or may be provided by law. Now, while it is true that when the Constitution was adopted in 1875 justices of the peace had concurrent jurisdiction with the circuit court in mechanics' lien cases for an amount not exceeding ninety dollars under the act of March 30, 1872, it is also true that no express provision of the Constitution or the statutes conferred concurrent jurisdiction on the circuit court in such cases. The jurisdiction in the circuit court in respect of those matters obtained by virtue of its grant of exclusive original jurisdiction in all civil cases until otherwise directed by the General Assembly. See sec. 13, art. 6, Constitution 1865. It is therefore obvious that there was no law in force at that time defining the concurrent jurisdiction of the circuit court with justices of the peace in such express terms as to include mechanics' lien cases for the amount here involved. Indeed, contra to this, express statutory provisions in force at the time the Constitution of 1875 was adopted, declared and defined the concurrent jurisdiction of the circuit court in terms express and explicit to the exclusion of the case now under consideration. Those statutes will be presently pointed out. Although by an invasion of the exclusive jurisdiction of the circuit court, the act of March 30, 1872, operated to confer a concurrent authority on justices of the peace in respect of mechanics' lien suits such as this one, the concurrent original jurisdiction of the circuit court as distinguished from its exclusive original jurisdiction was

146 App.—24

clearly marked out and defined in express terms by other statutes in force in 1875. Those statutes were sec. 3, art. 1, ch. 82, p. 808, vol. 2, Wagner's Statutes of 1872, and sec. 2, art. 3, ch. 41, p. 430, vol. 1, Wagner's Statutes 1872. These statutes were in force at the date of the adoption of the Constitution of 1875. The first section above referred to relates to justices' courts and provides in express terms that justices of the peace and circuit courts should have concurrent original jurisdiction when the debt or balance due, exclusive of interest, shall exceed fifty dollars and not exceed ninety dollars. See Wagner's Statutes 1872, sec. 3, p. 808, vol. 2. The second section referred to relates to the jurisdiction of the circuit courts and expressly provides that such courts shall have concurrent original jurisdiction with justices of the peace when the debt or balance due, exclusive of interest, shall exceed fifty dollars and not exceed ninety dollars. See Wagner's Statutes 1872, sec. 2, p. 430, vol. 1.

It thus appears that at the time the Constitution of 1875 was adopted, the statutes mentioned expressly defined the concurrent original jurisdiction of the circuit court with justices of the peace. From this fact we ascertain the framers of the Constitution of 1875 contemplated a continuation of such concurrent jurisdiction in the circuit court as had theretofore been expressly declared until it should be otherwise provided by law. It seems clear that when the Constitution declares the circuit court shall have "such concurrent jurisdiction with . . . justices of the peace as is . . . provided by law" such instances of concurrent jurisdiction in the circuit court only as had theretofore been expressly established and then existed were contemplated and referred to, for it related to "concurrent jurisdiction" then "provided by law." The concurrent jurisdiction authorized is such as "is or may be provided by law." The word "is" thus employed signifies an intention on the part of the framers of the Constitution

to continue such concurrent jurisdiction in the circuit court as had theretofore been expressly authorized as "concurrent jurisdiction," and the provision as to such "as may be provided by law," contained a grant of power to the Legislature authorizing such future enactments touching the matter of concurrent jurisdiction as should be proper. This thought is re-enforced when we notice that the next preceding clause of the same section of the Constitution provides that the circuit court shall have "exclusive original jurisdiction in all civil cases not otherwise provided for." Now, it is apparent by this provision the framers of the Constitution intended that all civil cases otherwise provided for at that time should fall without the exclusive jurisdiction of the circuit court and that only such matters as were then or might in future be brought within the concurrent jurisdiction of that court by express provision touching concurrent jurisdiction should be thereafter regarded as within the concurrent jurisdiction of that tribunal. When we give effect to every word of the Constitution, as we must, it is obvious that its framers intended the Legislature should mark out in plain terms the instances of concurrent jurisdiction and that only such cases should be considered as within the concurrent jurisdiction of the circuit court as were theretofore or thereafter expressly so declared. We are persuaded that the mere fact the exclusive jurisdiction of the circuit court had been invaded by the act of March 30, 1872, and concurrent authority given to justices of the peace in lien cases for an amount not exceeding ninety dollars cannot avail to continue a concurrent authority in the circuit court in such cases after the adoption of the Constitution of 1875 in the absence of some express provision giving concurrent authority to the circuit court. The act of March 30, 1872, conferred no authority on the circuit court. That court had authority before, and the act of 1872 operated only to confer a portion on the justice of the peace. In brief, when considered from the standpoint of a re-

vision of the whole subject, the Constitution of 1875 contemplates concurrent jurisdiction of the circuit court with justices of the peace in those instances which were then or thereafter expressly declared to be within such concurrent jurisdiction, and the mere fact that a justice of the peace had jurisdiction over a given case that was also within the jurisdiction of the circuit court is not of itself sufficient to continue a concurrent jurisdiction in the circuit court after the Constitution of 1875. The circuit court, not having concurrent original jurisdiction over the subject-matter by express enactment to that effect at the time the Constitution of 1875 was adopted, it is entirely clear that it could obtain none unless the same was thereafter provided by legislative enactment, for this much the Constitution directs.

Under the authority thus vested in the Legislature to define the concurrent jurisdiction of the circuit court, that body contributed the following enactment to our law, as may be ascertained by reference to section 1674, R. S. Mo. 1899; An. St. 1906, sec. 1674. So much of that statute as is relevant here is as follows:

"The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows: Concurrent original jurisdiction with justices of the peace in all counties and cities, in all civil actions for the recovery of money, whether such actions be founded upon contract or tort, or upon bond or undertaking given in pursuance of law, in any civil action or proceeding, or for any penalty or forfeiture given by any statute of this State, when the sum demanded, exclusive of interests and costs, shall exceed fifty dollars, and does not exceed the maximum jurisdiction of justices of the peace in like cases in any such county or city; and also in all such cases where the sum demanded, exclusive of interests and costs, is less than fifty dollars, and wherein there are two or more defendants, not all of whom reside in the same county."

It will be observed that the provisions of the statute quoted purport to treat of the question of concurrent original jurisdiction in the circuit court with justices of the peace *in all civil actions for the recovery of money.* Now, a mechanic's lien suit is a civil action, the chief object and purpose of which is to recover money. The enforcement of the lien provided for by the statute is for the purpose only to secure the payment of money. The statute confers concurrent jurisdiction in such cases only when the sum demanded, exclusive of interest and costs, shall exceed fifty dollars and does not exceed the maximum jurisdiction of the justices of the peace in like cases in any such county or city. This statute was enacted by the Legislature under the constitutional direction to it to mark out the instances of concurrent jurisdiction of the circuit and justice courts. The portion quoted, with subsequent provisions not relevant here, purports to cover the whole subject-matter and is obviously intended as a substitute for all prior law on the same subject. That the Legislature did not intend the circuit court should have concurrent jurisdiction with justices of the peace in amounts less than fifty dollars in cases of this character is obvious, as will appear from the fact that this entire section points out only one instance where concurrent jurisdiction shall exist in the circuit court for a sum less than fifty dollars. It is provided therein that circuit courts shall have concurrent jurisdiction with justices of the peace in cases where the sum demanded, exclusive of interest and costs, is less than fifty dollars and "wherein there are two or more defendants not all of whom reside in the same county." This provision in and of itself indicates with great force that the Legislature intended a concurrent jurisdiction for amounts less than fifty dollars in no other instances than that mentioned. The sum and substance of the whole matter is the circuit court certainly did not have exclusive original jurisdiction; and that it has only such concur-

rent jurisdiction as the Legislature was directed by the Constitution of 1875 to confer. As by the Constitution of 1875, the circuit court is possessed of only such concurrent jurisdiction with justices of the peace "as is or may be provided by law" no such jurisdiction exists in the circuit court over the present subject-matter for the reason the Legislature has not so provided by law. [Mason v. Hannah, 30 Mo. App. 190, 195.] The revision of the whole subject-matter above referred to divested any concurrent jurisdiction in the circuit court if such theretofore existed and none other has been conferred.

The judgment should be reversed. It is so ordered. *Goode, J.*, concurs. *Reynolds, P. J.*, dissents. *Judge Reynolds* deems the opinion in conflict with the opinions of the Supreme Court in Tackett v. Vogler, 85 Mo. 480; Lackland v. Walker, 151 Mo. 210; St. Louis v. Hollrah, 175 Mo. 79, and requests the case to be certified to that court for final determination. It is so ordered.