TACKETT, *Administratrix*, v. VOGLER, *Appellant*.

1. **Jurisdiction :** SPECIAL TAX BILLS : CIRCUIT COURT OF JACKSON COUNTY. The circuit court of Jackson county has concurrent jurisdiction with the recorder of Kansas City and justices of the peace of actions to enforce the liens of special tax bills when the amount sued for is three hundred dollars or less (overruling *Williams v. Payne*, 80 Mo. 409).

2. ———. Where a court possesses jurisdiction over a subject, the mere vesting of jurisdiction over the same subject in another court will not exclude the jurisdiction of the former court. To effect such result express words of exclusion must be used or the law conferring jurisdiction on the first court must be repealed.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*C. E. Small* and *R. H. Field* for appellant.

(1) The circuit court had no jurisdiction of the amount involved in this cause. Acts 1873, 253 and 255; *Hunt v. Hopkins*, 66 Mo. 98; *Stamps v. Bridwell*, 57 Mo. 22; *Williams v. Payne*, 80 Mo. 409. (2) The circuit court erred in refusing to sustain defendant's demurrer to the evidence; the ordinance should have specified the materials to be used in the construction of the street, in making fills and embankments. *Richardson v. Haydenfeldt*, 46 Cal. 68; *People v. Clark*, 47 Cal. 456; *Bryan v. City of Chicago*, 60 Ill. 507; *Foss v. City of Chicago*, 56 Ill. 354; *Dougherty v. Hitchcock*, 35 Cal. 512.

*Jas. F. Mister* for respondent.

(1) The circuit court had jurisdiction. Where a court originally possesses and exercises jurisdiction over a subject, and afterwards similar jurisdiction is given another court (or tribunal), *it is in such case concurrent jurisdiction*, whether so called in the statute or not. There must be words of limitation to take it away, either by using the word *exclusive*, or by repealing the former act giving jurisdiction. *State ex rel. Renick v. St. Louis Circuit Court*, 38 Mo. 402, 408, *citing and adopting Commonwealth v. Hudson*, 11 Gray (Mass.) 65. (2) In cases where the jurisdiction given *is in terms exclusive*, then by implication all other courts are prohibited from exercising jurisdiction, *but not otherwise*. *Wernecke v. Kenyon*, 66 Mo. 284; *Dodson v. Scroggs*, 47 Mo. 287; *Pearce v. Calhoun*, 59 Mo. 273; *Cones v. Ward's Adm'r*, 47 Mo. 289; *State v. Wister*, 62 Mo. 592; *State v. Harper*, 58 Mo. 531. (3) The same doctrine—that the jurisdiction of superior courts can be taken away only by express negative words of a statute, or by irresistible implication—is held by the courts of other states, as in

Alabama, Tennessee, Pennsylvania, Massachusetts and Iowa, and by all the courts in this country and England. *Gould v. Hayes et al.*, 19 Ala. 450 ; *Murfree v. Leeper*, 1 Overton (Tenn.) 1 ; *Burginhafer v. Martin*, 3 Yeates (Pa.) 479 ; *Overseers, etc., v. Smith*, 2 Serg. & R. (Pa.) 363 ; *Commonwealth v. McClosk*, 2 Rawle (Pa.) 369 ; *Commonwealth v. White*, 8 Pick. (Mass.) 453 ; *Commonwealth v. Hudson*, 11 Gray (Mass.) 65 ; *Wright v. Marsh*, 2 Greene (Iowa) 94. The cases of *Stamps v. Bridwell*, 57 Mo. 22, and *Williams v. Payne*, 80 Mo. 409, should be overruled.

NORTON, J.—The petition in this case, which was filed in the circuit court of Jackson county, declares upon six special tax bills amounting in the aggregate to $130.32, exclusive of interest, and on the trial plaintiff obtained judgment, from which the defendant has appealed to this court.

The controlling question in the case is : Did the circuit court have jurisdiction over such a suit ? In the case of *Williams v. Payne*, 80 Mo. 409, which followed the case of *Stamps v. Bridwell*, 57 Mo. 22, it was held in suits upon special tax bills originating under the charter of the City of Kansas, that the recorder of said city and the justices of the peace had exclusive jurisdiction when the tax bill sued upon did not exceed three hundred dollars. If the opinion in that case and the one upon which it is based are to be adhered to the question propounded must be answered in the negative. On a reconsideration of the question involved, the various provisions of the city charter and the other ruling, of this court, which will be adverted to in this opinion, we have reached the conclusion that the jurisdiction of the circuit court of Jackson county in suits to recover such tax bills is exclusive when the amount sued for exceeds three hundred dollars, and that its jurisdiction is concurrent with that of the recorder and justices of the peace when the amount sued for is three hundred dollars, or

Tackett v. Vogler.

less than three hundred dollars, and that the rule announced in the cases above referred to should be no longer adhered to.

The case of the *State ex rel. Renick v. St. Louis County Court*, 38 Mo. 403, establishes the principle that when a court originally possesses and exercises jurisdiction over a subject its authority to proceed will not be divested or impaired by any subsequent legislative enactment, unless express prohibitory words are used. In the opinion the case of *Commonwealth v. Hudson*, 11 Gray 65, was approvingly quoted, where it is said that the jurisdiction conferred upon the court of common pleas in certain criminal cases was not ousted by a subsequent statute, which enacted that justices of the peace should have jurisdiction of all offences of the kind designated, the jurisdiction of which had before been exercised by the common pleas court. It was contended in that case that the subsequent enactment vested the exclusive jurisdiction over such offences in justices of the peace. Shaw, C. J., in disposing of the question said: "Taking the language of the statute as it is, what is the effect of this section? Before this statute, the court of common pleas had jurisdiction over this subject matter. Is that jurisdiction taken away? It is no answer to say that another tribunal has jurisdiction, for that is very common. It is in such case concurrent jurisdiction, whether so called in the statute or not. Then, is the jurisdiction of the common pleas which it had before taken away? There must be words of limitation to take it away; either by using the word 'exclusive,' or by repealing the former act giving jurisdiction, by which it may appear that the legislature intended not only to confer jurisdiction on justices of the peace, but also to take away the other jurisdiction."

Section four of the charter of the City of Kansas (Laws 1875, p. 252), after declaring that special tax-bills shall be a lien on the property described, provides that "every such tax bill and the lien thereof shall be as-

signable and any such tax bill with interest   *   *   *
may be collected by suit by the contractor to whom is-
sued in his own name or by an assignee thereof, in his
name, in any court of competent jurisdiction.'' See also,
*Stewart v. Caldwell*, 54 Mo. 536, and *Primm v.
Raboteau*, 56 Mo. 407. It is clear that under the pro-
vision above quoted the circuit court of Jackson county
was a court, of competent jurisdiction to entertain suits
on any such tax bill, without reference to amount, and
was the only court under the provision above quoted,
considered by itself, which could exercise jurisdiction in
such cases, with the exception of the special law and
equity court then in existence. The subsequent pro-
vision contained in the same section, which declares
that ''when the amount due on any tax bill does not ex-
ceed three hundred dollars suit may be brought thereon
before the recorder of the city, or any justice of the
peace in said city, as in other civil cases,'' cannot have
the effect under the ruling and reasoning in the case of
*State ex rel. Renick v. St. Louis Co. Court, supra*, to-
make the jurisdiction of the recorder or justices of the
peace in tax bill suits, when the amount sued for is three
hundred dollars and less, exclusive, but only has the
effect in such cases to make the jurisdiction of the
circuit court concurrent instead of exclusive, as it
would have been, but for the permission given to bring
such suits before a recorder or a justice of the peace.

The whole section taken together discloses a legis-
lative intent to require all suits founded on tax bills,
amounting to more than three hundred dollars, to be
brought in the circuit court, and to permit or allow
suits on tax bills, amounting to three hundred dollars
and less, to be brought before the recorder or justices
of the peace, or in the circuit court, as the owner
thereof might elect.

The objection to the validity of the taxbill, based
upon alleged non-conformity of the ordinance with the
charter, is too technical and unsubstantial to require

consideration. Upon the whole record the judgment is for the right party and it is hereby affirmed. All concur.