## H. J. DAVIDSON v. A. J. SCHMIDT et al., Appellants.

**Division One, March 3, 1914.**

**CIRCUIT COURT:** Jurisdiction: Mechanics' Liens. The circuit courts have original jurisdiction, concurrent with that of justices of the peace, over suits to enforce mechanics' liens for amounts less than fifty dollars.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*C. H. Daues* and *Robert L. Wilson* for appellants.

*Benson C. Hardesty* for respondent.

BROWN, C.—This suit was instituted in the circuit court for Cape Girardeau county in March, 1906, to enforce mechanics' lien against a
Mechanics' Liens: Jurisdiction of Circuit Court.
house and lot in the city of Cape Girardeau for $13.50. It resulted in a judgment for the plaintiff enforcing the lien for that amount, from which an appeal was taken to the St. Louis Court of Appeals, which reversed the judgment on the ground that the circuit court did not have jurisdiction of the subject-matter of the action. Judge REYNOLDS of that court, who sat in the cause, deemed the decision contrary to the decisions of this court in the following cases: Tackett v. Vogler, 85 Mo. 480; Lackland v. Walker, 151 Mo. 210; and St. Louis v. Hollrah, 175 Mo. 79. He dissented on that ground, and requested that the case be certified to this court as provided in the Constitution, which was done. It is now before us on the sole question whether or not the circuit court has jurisdiction to enforce mechanics' liens for amounts less than $50.

At the time we adopted the Constitution of 1865 the mechanics' lien law had been on our statute books for more than thirty years . During all that time the circuit courts were charged with its enforcement under the provisions of section six, article five, of the Constitution of 1820, which provided that they should have "exclusive original jurisdiction in all civil cases which shall not be cognizable before justices of the peace, until otherwise directed by the General Assembly." The same provision was continued in the same words in the Constitution of 1865. The circuit court is a superior court of general jurisdiction and nothing will be presumed to be without its jurisdiction; while nothing will be presumed to be within the jurisdiction of the justices of the peace, which is not exercised according to the course of the common law, but depends entirely upon the provisions of the statutes which create and regulate the office. [State ex rel. v. Hopkins, 87 Mo. 519; Pleasant Hill v. Dasher, 120 Mo. 675.]

The court, having as we have seen, *exclusive* jurisdiction over these cases, and the Constitution having declared that this condition should continue "until otherwise directed by the General Assembly," that body by the act of March 30, 1872 (Laws 1871-2, p. 44), directed that justices of the peace should have jurisdiction in all actions brought to enforce mechanics' liens in every county of less than 100,000 permanent inhabitants where the amount or balance claimed to be due does not exceed ninety dollars. It further provided as follows: "Every person entitled to such lien may hereafter, after having complied with the provisions of the said chapter one hundred and ninety-five, and after having filed his account and statement, as prescribed by section five of said chapter, institute his actions therefor, as above provided." The question before us, reduced to its lowest terms, is whether the provisions of the Act of 1872 just referred to have the effect of divesting the circuit court of the jurisdiction it had there-

tofore exclusively exercised, or whether it simply had the effect which its words required, of an exercise by the Legislature of the constitutional power to direct that this exclusive jurisdiction be shared by another tribunal.

The appellant supports its contention by the ingenious suggestion that the Act of 1872 should have the effect of a repeal of all laws, including constitutional provisions, on the same subject, and their reenactment as of the same instant of time. In this way they say that the justices of the peace already having jurisdiction in the class of mechanics' lien cases referred to, the constitutional grant of jurisdiction of the circuit court could not attach to it. This is a very interesting fiction but it ignores one of the most universal and useful rules of statutory construction, requiring those parts of an old statute retained as part of an amended scheme, to be considered not as if repealed and again reenacted, but to have been the law all along, and the amendments not to have been the law at any time before their passage.

It is true that this court decided differently in Stamps v. Bridwell, 57 Mo. 22, which was followed in Williams v. Payne, 80 Mo. 409; but these cases were taken up and expressly overruled by us in Tackett v. Vogler, supra, a well considered case in which the court says that the rule announced in those cases should be no longer adhered to. This case has been followed in State ex rel. v. Hopkins, supra; Pleasant Hill v. Dasher, supra; Lackland v. Walker, 151 Mo. 210; St. Louis v. Hollrah, 175 Mo. 79. We are still satisfied with the doctrine we announced in those cases.

It follows that the judgment of the Cape Girardeau Circuit Court must be affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.