## E. OLIVE GOODNER, Appellant, v. MOSHER-ROE ABSTRACT & GUARANTY COMPANY.

### Division One, April 12, 1926.

1. **ABSTRACT OF TITLE: Mechanic's Lien: Kaw Township: Filed at Independence.** A mechanic's lien is purely a creature of the statute, and does not take tangible form as an encumbrance against real estate until set forth in a document, verified and filed, in conformity with the statute. Under the statute (Laws 1871, p. 30) which has been in continuous force since its enactment and declaring that "all mechanic's liens upon real estate situate in Kaw and Westport Townships in Jackson County shall be filed in the office of the clerk of the circuit court at Kansas City," a mechanic's lien filed at Independence is not an encumbrance upon real estate situate in Kaw Township, but a mere nullity, and an abstracter's certificate of title of a lot in Kaw Township to the effect that "there are no mechanic's liens filed remaining unsatisfied of record in the office of the Clerk of the Circuit Court of Jackson County" was not rendered false by the existence of a purported lien paper on file in the office of the Clerk of the Circuit Court at Independence.

2. **CONSTITUTIONAL LAW: Defective Title: Cured by Age.** Age should render an act immune from attack on grounds of defective title, which is a ground going merely to the manner of its enactment. The title of the statute enacted in 1871 was "An Act to establish the Twenty-fourth Judicial Circuit, and to provide for the election of a Judge and Circuit Attorney Therefor," and Section 18 of the act said that "all mechanics' liens upon real estate situate in Kaw and Westport Townships in said Jackson County shall be filed in the office of the clerk of the circuit court at Kansas City," and said section was held by the trial court to bar the action of plaintiff, who alleges that she purchased real estate in Kaw Township upon the faith of defendant abstracter's certificate to the effect that "there are no mechanic's liens filed remaining unsatisfied of record in the office of the Clerk of the Circuit Court of Jack-

son County, whereas in fact there was a mechanic's lien then on file in the office of the Clerk of the Circuit Court of Jackson County at Independence, and it cost her the amount sued for to prevent the foreclosure of said lien; and she contends that said Section 18 is void because not germane to the subject of the act of which it is a part. *Held*, that the section having been enacted under the Constitution of 1865 (Sec. 32, art. 4), and having been acted upon and accepted as a valid law, both by the Legislature and the general public, for more than fifty years, will not now be declared invalid for the sole reason that the subject of said section was not clearly expressed in the title of the act.

*Held*, by GRAVES, J., dissenting, that lapse of time does not render constitutional an unconstitutional act, and that the age and hoary hairs of an unconstitutional act do not save it from invalidity.

3. **ABSTRACT OF TITLE:** Mechanic's Lien: Abstracter's Neglect: Unconstitutional Statute. An abstracter of titles, whose business is to show by proper certification the state of such titles as disclosed by the public records, is bound to have sufficient knowledge of the law to know, among other things, what constitutes a mechanic's lien upon real estate, and to use both skill and diligence to discover and note on his abstract all such liens when they are properly made a matter of record, but is not bound to consider and pass upon the constitutionality of a statute prescribing the place where such liens are required to be filed; but where the statute required mechanic's liens against real estate in Kaw Township to be filed at Kansas City, and the constitutionality of said statute is being questioned at the time the abstract is being prepared, and there is grave doubt as to whether a valid mechanic's lien may not be filed at Independence as well as at Kansas City, a proper degree of diligence may require the abstracter to examine the files at both places; but the abstracter cannot be held to a lack of such diligence unless the petition contains proper averments basing a cause of action thereon.

Corpus Juris-Cyc. References: Abstracts of Title, 1 C. J., Section 9, p. 368, n. 44; Section 10, p. 368, n. 52. Constitutional Law, 12 C. J., Section 223, p. 798, n. 56. Mechanic's Liens, 40 C. J., Section 1, p. 40, n. 10.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner,* Judge.

AFFIRMED.

*Battle McCardle* for appellant.

(1)   The petition did state a cause of action, Section 18 of the Act of February 1, 1871, providing that mechanic's liens affecting real estate situated in Kaw and Westport Townships in Jackson County should be filed at Independence, is unconstitutional in that it is in violation of Section 32, Article 4, of the Constitution of 1865, which provides that no law enacted by the General Assembly shall relate to more than one subject, which shall be expressed in the title.   Sec. 18, Laws 1871, p. 30; Witzman v. Southern Ry. Co., 131 Mo. 612; St. Louis v. Wortman, 213 Mo. 131; St. Louis v. Wetzel, 130 Mo. 616; State v. Mullinix, 257 S. W. 121; State v. Crites, 277 Mo. 194; State v. Sloan, 258 Mo. 305; State v. Rawlings, 232 Mo. 544; State v. Gordon, 233 Mo. 383; Woodward Hardware Co. v. Fisher, 269 Mo. 271; State v. Fulks, 207 Mo. 26; State v. Coffee & Tea Co., 171 Mo. 634; State v. Borden, 164 Mo. 221; Booth v. Scott, 276 Mo. 1; State ex rel. v. Hackman, 292 Mo. 27.   (2) Whether the lien was filed legally or not, if respondent certified that there were no liens in the office of the clerk of the circuit court, and appellant relying on said certificate bought real estate, and there was a lien on file in the clerk's office, and thereby appellant sustained damage, the respondent is liable.   Gilman v. Hovey, 26 Mo. 280; Dodd v. Williams, 3 Mo. App. 278; Rankin v. Schaeffer, 4 Mo. App. 108; Schade v. Gehner, 13 Mo. 252; Ham v. Hill, 29 Mo. 276; Rousy v. Lynch, 61 Mo. 560; Kenthan v. Trust Co., 101 Mo. App. 11.

*McVey & Freet* for respondent.

(1)   The defendant discharged its full contract obligation to the plaintiff when it certified that there were no mechanic's liens of record in the office of the Circuit Clerk of Jackson County, affecting the real estate described in said abstract, as no such lien had been filed in Kansas City in Kaw Township, as provided by Section

18 of the Act of 1871. Keuthan v. Trust Co., 101 Mo. App. 1; Dodd v. Williams, 3 Mo. App. 278. (2) The title of the Act of 1871 fully complies with Section 32, Article 4, Constitution of 1865. Burge v. Railroad, 244 Mo. 76; State v. Mullinix, 301 Mo. 385; State v. Thomas, 301 Mo. 603; Forgrave v. Buchanan County, 282 Mo. 599; Rauch v. Himmelberger, 305 Mo. 70; Coffey v. Carthage, 200 Mo. 616.

RAGLAND, P. J.—This is a suit against an abstracter bottomed on defendant's failure to show in an abstract of title furnished by it the previous filing of an alleged mechanic's lien.

The petition alleged that defendant was engaged at Kansas City, Missouri, in the business of examining titles to real estate as disclosed by the public records and of making and furnishing written abstracts showing the state of such titles; that on the 9th day of April, 1921, defendant made and delivered to plaintiff, for a consideration paid by her, an abstract of the title to certain real estate situated in Kansas City (in Kaw Township) to which defendant attached a certificate by which it certified that there were no mechanic's liens filed remaining unsatisfied of record in the office of Clerk of the Circuit Court of Jackson County, Missouri; that on the strength of the showing as to the title made by such abstract and certificate plaintiff bought said real estate; that said certificate was false in that there was then on file in the office of Clerk of the Circuit Court of Jackson County, at Independence, Missouri, a mechanic's lien purporting to be a charge against said real estate in the sum of $794.29; and that "by reason of the fact that defendant did furnish her a certificate that was false she was induced to buy the real estate above against which said mechanic's lien and suit was a charge, and thereafter in order to prevent foreclosure of said lien and sale of above property thereunder she was obliged to and did employ a lawyer to defend said suit in her behalf; that by means of his efforts said fore-

closure was prevented and the real estate above was freed from said lien and suit, but that in and about the defense of said suit, and in the trial of the same in the Circuit Court of Jackson County, Missouri, at Independence, she was compelled to incur an indebtedness to said lawyer for fees in the sum of $300.'' It was further alleged that plaintiff, in order to complete the improvements on the real estate she had purchased, found it necessary to obtain a loan thereon, and because of the pendency of the lien claim she was compelled to first take a temporary loan until it was disposed of, and thereafter to re-finance the transaction, whereby ꜱhe was caused to expend in the way of extra commissions and interest the sum of $750. Judgment for $1050 was prayed.

The answer was a general denial.

When the cause came on for trial defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action. The objection was sustained. The facts being such that the petition could not be amended to meet the objection, plaintiff suffered judgment to go against her. From such judgment she prosecutes this appeal.

The circuit court's ruling was based on Section 18 of an act passed in 1871, entitled, ''An Act to establish the Twenty-fourth Judicial Circuit, and to provide for the election of a Judge and Circuit Attorney therefor.'' The section in question, which has been continuously in force since the passage of the act, is as follows:

''All mechanic's. liens upon real estate situate in Kaw and Westport Townships in said Jackson County, shall be filed in the office of the clerk of the circuit court at Kansas City, and suits for the enforcement thereof shall be brought in the circuit court at Kansas City.'' [Laws 1871, p. 30.]        •

''A mechanic's lien is purely. a creature of statute. It does not take tangible form as an encumbrance against real estate until set forth in a document, verified and filed, in conformity with statutory provisions. In

view of the statute just quoted, a lien claim filed in the office of the clerk of the circuit court at Independence, purporting to be a charge against real estate in Kaw Township, is a nullity—a mere scrap of paper. It gives no more notice of the existence of a mechanic's lien on real estate in Kaw Township than if it had been filed in an adjoining county. Defendant, in making an abstract of the title to real estate in Kaw Township, was under no duty as an abstracter to search the records of the circuit clerk's office at Independence for evidence of mechanic's liens affecting such real estate, for the simple reason that under the statute none could be there. It follows that defendant's certificate to the effect that "there were no mechanic's liens filed remaining unsatisfied of record in the office of the Clerk of the Circuit Court of Jackson County, Missouri" was not rendered false by the existence of a purported lien paper on file in the office at Independence.

But appellant contends that said Section 18 is void because not germane to the subject of the act of which it is a part. [Sec. 32, Art. IV, Const. 1865.] She made the point at the time of the trial court's ruling and has never ceased to press it. The section has been on the statute books for more than a half a century. During all of that time it has been acted upon and regarded as in all respects a valid law. Does the time never come in the history of a statute when it can no longer be haunted by the ghosts of unconstitutionality? Is it never to have repose? Should not age render it immune at least to attack on grounds going merely to the manner of its enactment? The object of the constitutional provision referred to was to make the title of an act indicate, as a guide board, its general contents, and thereby prevent fraud from being practiced upon the Legislature itself and upon the general public. [St. Louis v. Wortman, 213 Mo. 131.] If the provisions of Section 18 were ignorantly or unintentionally enacted because tucked away in the body of a bill of which the title gave no notice, there has since been ample opportunity to elimi-

nate them from the statute. But on the contrary both the Legislature and the people have for more than fifty years acquiesced in the statute as passed. So that if this section were vulnerable to the assault made upon it, as to which we express no opinion, we would serve no constitutional purpose in striking it down at this late date.

But if it were held that said Section 18 was void on constitutional grounds, appellant would be afforded no comfort thereby. The defendant's undertaking called for both skill and diligence. It was bound to have a sufficient knowledge of the law to know, among other things, what constituted a mechanic's lien upon the real estate the title to which it was abstracting, and was bound to use sufficient diligence to discover and note on its abstract all such liens when properly made a matter of record, so as to affect all parties interested with a notice. [Schade v. Gehner, 133 Mo. 252, 257; Dodd v. Williams, 3 Mo. App. 278, 281.] But it was not bound to consider and pass upon the constitutionality of the statutes that prescribed the place where such liens should be filed. In the instant case if at the time the abstract was being prepared the constitutionality of Section 18 was being questioned and there was grave doubt as to whether a valid mechanic's lien might not be filed in the clerk's office at Independence as well as at Kansas City, the proper degree of diligence might have required defendant to examine the files of the office at both places. But the petition contains no such averments.

The judgment of the circuit court is affirmed. All concur; *Graves, J.,* in separate opinion.

GRAVES, J. (concurring.)—I concur in the result of this opinion only. An unconstitutional act never gets too hoary or gray-haired, that its invalidity cannot be questioned in the courts. Lapse of time does not make an unconstitutional act constitutional. Nor does the failure of the Legislature to act do more than give a legislative construction of the validity of the law, which while persuasive is not binding upon the courts. The last paragraph of the opinion suffices for my limited concurrence.