THE STATE EX REL. JOHN T. SEARS, Trustee, ET AL. v. WILLARD P. HALL, Judge of Circuit Court of Jackson County.—28 S. W. (2d) 1026.

Court en Banc, June 3, 1930.

*Jay L. Oldham* for relators.

*George K. Brasher* for respondent.

WALKER, J.—This is an action in prohibition to prevent the enforcement of a mechanic's lien upon certain real estate located in one of the municipal townships of Jackson County. The legal propriety of the writ is dependent upon the construction which should be given and the application made of (1) a legislative enactment and (2) certain orders of the County Court of Jackson County. The former, as applicable to the matter at issue, is embraced in Section 18 of an act approved February 1, 1871 (Laws 1871, p. 30), and is as follows:

"All mechanic's liens upon real estate situate in Kaw and Westport townships in said Jackson County, shall be filed in the office of the clerk of the circuit court at Kansas City, and suits for the enforcement thereof shall be brought in the circuit court of Kansas City."

The area of Kaw Township has been included within the corporate limits of Kansas City and reference thereto is irrelevant.

The latter consists of certain orders of the County Court of Jackson County, entered under the authority of Section 13162, Revised Statutes 1919, which was repealed and reenacted in 1927 (Laws 1927, p. 490). The only material difference between Section 13162 and the Act of 1927, was the percentage of the affirmative votes of the electorate required to authorize the action of the county court in regard to the changes sought to be made in the municipal townships. Section 13162, which has been in force from 1855, was subjected to no change in 1927 affecting the matter at issue, and it may, therefore, properly be held as definitive of the county court's action in entering the orders. In 1865 and subsequently until 1910, the real estate against which it is sought to enforce the mechanic's lien was located in what, during that period, was designated in the county court's records, as Westport Township. In 1910 the county court abolished that portion of said township which remained after earlier changes, and ordered it attached to and made a part of Washington Township and it has since so continued. That township, it is admitted, has always been within that portion of the circuit over which the Independence division of the circuit court has exercised undisputed jurisdiction.

On the 17th day of June, 1927, Dierks & Sons Lumber Company, a corporation, filed in the office of the Clerk of the Independence division of the Circuit Court of Jackson County, its verified mechanic's lien in the sum of $1364.14, together with interest thereon from April, 1927, for building material delivered by it and sold under contract to William S. Parsons, the owner of Lot 30, theretofore in Westport Township, but then in Washington Township, in what was termed Dudley's 37th Addition, a subdivision of land in Jackson County, not within the corporate limits of Kansas City. Relators were made parties to said lien as trustee and beneficiary

respectively, in a certain deed of trust on said real estate, executed by William S. Parsons and his wife and recorded in the office of the Recorder of Deeds of Jackson County, at Kansas City. On the 29th day of August, 1927, the Dierks & Sons Lumber Company filed in the Independence division of said circuit court its petition to enforce said mechanic's lien, making said William S. Parsons, his wife and relators, parties defendant.

The relators filed a motion in the nature of a plea to the jurisdiction, alleging that the real estate on which said mechanic's lien was filed and the suit brought to enforce the same were beyond the territorial jurisdiction of the Circuit Court of Jackson County at Independence and exclusively within the territorial jurisdiction of the circuit court at Kansas City, under the provisions of Section 18 of the Act of 1871, supra. Said motion was overruled by respondent and exception saved. It is admitted by the parties that the said real estate was in Westport Township until the territory comprising it was attached to Washington Township in 1910.

Respondent contends that the county court, under Section 13162, Revised Statutes 1919, has the power to change the boundaries of townships and that the jurisdiction of the real estate in controversy is within the exclusive territorial jurisdiction of the Independence division of the circuit court and outside of the territorial jurisdiction of the Circuit Court of Jackson County at Kansas City. The real estate involved has never been within the corporate limits of Kansas City proper, but for nineteen years has been a part of Washington Township.

The question here seeking solution is whether the county court, by changing the boundaries of townships, can change, enlarge, diminish or abolish the territorial jurisdiction of either the Independence or the Kansas City division of the circuit court, in reference to the filing of and suits for the enforcement of mechanic's liens on real estate formerly situate in Westport Township, as provided by said Section 18 of the Laws of 1871.

I. Section 18, supra, has been reviewed upon appeal by this court. Its validity, however, under the Constitution, so far as it relates to the limiting of the venue of mechanic's lien cases to the Kansas City division of the Circuit Court of Jackson County, has never been questioned. However mindful we may be, therefore, of the fact that the life-giving source of a statute must be derived from its conformity with the organic law, we are inclined, on account of the antiquity of the section, which it appears has existed without question for more than a half century, or since the adoption of the Act of 1871, and its uniform recognition as a live law during that time, to pass *sub silentio* any query that may arise in the mind as to its validity.

II. The jurisdictional question herein is confined to a narrow limit. The territorial extent of the judicial circuit involved has been limited continuously to Jackson County ever since the adoption of the Act of 1871, regardless of the arbitrary numerical designation that may have been given the circuit during that time in the various revisions of the statutes.

The evident purpose of the subdivision of the Circuit Court of Jackson County and the consequent creation of the Kansas City division was to facilitate the business of the court. Aside from the exclusive jurisdiction of mechanic's lien cases conferred upon the Kansas City division with the then existing limits of Kaw and Westport Townships, the jurisdiction of each of these divisions was the same.

The determination of the matter at issue, therefore, is dependent upon the interpretation required to be given to Section 18, supra, of the legislative enactment creating the Kansas City division, construed in connection with the power conferred upon the County Court of Jackson County concerning the municipal townships therein. These courts are given constitutional recognition and their jurisdiction defined in the following language: "In each county there shall be a county court, which shall be a court of record, and shall have jurisdiction to transact all county and such other business as may be prescribed by law." [Sec. 36, Art. 6, Mo. Constitution.] Under the authority thus granted to the General Assembly, by an act approved November 17, 1855 (2 R. S. 1855, Chap. CLIX, p. 1537), the power of these courts in regard to the municipal townships therein is thus defined: "Each county court may divide the county into convenient townships, as occasion may require, erect new townships, subdivide townships already established and alter township lines." This statute, aside from the provision prescribing the manner in which the action of the court is to be inaugurated, to which we have referred, has been in force for three-quarters of a century, and is now given statutory recognition in Section 13162, supra. Its purpose was to define one of the powers of county courts growing out of and necessarily incident to the supervisory control of such courts over the administrative affairs of the counties. The age of the enactment will of course serve no purpose in its construction, except to attest its permanency as declaratory of the continuing power of county courts. In the enactment, therefore, of Section 18, supra, as a part of the statute creating the Kansas City division of the circuit court, which vested jurisdiction in that division in mechanic's lien cases arising in Westport Township, it was not intended to abrogate or in any wise lessen the power of the county court in its supervision and control of the municipal townships of the county. The county

court had created Westport Township, and as created the General Assembly designated it as forming a part of the territorial jurisdiction, for the purpose stated, of the Kansas City division of the circuit court. The designation, as declaratory of the jurisdiction of the Kansas City division of the circuit court in mechanic's lien cases, could not remain operative, except during the legal existence of Westport Township. When it ceased to exist through the exercise of the power of the county court and was attached to and became a part of Washington Township, which was and had always been within the jurisdiction of the Independence division of the circuit court, the mechanic's lien cases arising in that part of Westport Township attached to and made a part of Washington Township, became cognizable in the Independence division of the circuit court. To hold otherwise would be to quibble with words and defeat the purpose of the Constitution and the legislation thereunder defining the power of county courts. The power of the latter to create, recreate or abolish is clear and complete, and there is nothing in the Act of 1871, supra, either in express terms or by reasonable implication to sustain the conclusion that it was intended to limit, much less destroy, that power.

Relators cite as a precedent to sustain their application for the writ, the case of Goodner v. Mosher-Roe etc. Co., 314 Mo. 151, 288 S. W. l. c. 699. That case is not in point. The land there in question was in Kaw Township and never was, at any time, in any other township, either before or after the institution of that suit.

The division of the circuit court at Independence was well within its powers in entertaining jurisdiction to enforce the lien against the real estate located in Washington Township and the preliminary writ issued herein should be quashed. It is so ordered. All concur.