Joe RAPE and Billy Joe Rape, d/b/a J & J Sodding Company (Plaintiffs), Appellants,

v.

MID-CONTINENT BUILDING COMPANY, a corporation; T. J. Bettes Company, Republic National Bank of Dallas, a corporation; William H. Wambold and Guilty Wambold; Marlin J. Jordan and Ruth V. Jordan; Robert W. Markey and Eva Markey; Paul R. Gregg and K. Rosemary Gregg; George Freeman and Rayona Freeman; Elbridge B. Ousley and Ovada Ousley; John Clifton Arnold and Jo Ann Arnold; James Leonard Corless, Jr. and Mary F. Corless; James Henry Cook and Millison I. Cook; Leland R. Olinger and Fern L. Olinger; Lewis Clare Bethards and Satsuki Bethards; Clare E. Guinter and Winifred M. Guinter; Leo A. Karawsky and Virginia Karawsky; Richard G. Haffa and Lucille K. Haffa; Roy O. Shoemaker and Edna M. Shoemaker; Fred Owen Herndon and Dorothy M. Herndon; Robert Earl Jackson and Barbara D. Jackson; Milton R. Skinner and Wilma D. Skinner; Eugene D. Caselman and Avenelle Caselman; Robert A. Lanier and Frances L. Lanier; William Henry Maul and Emma Maul; Vermont Follet, Jr. and Mary B. Follet; Francis E. Kelly and Beatrice A. Kelly (Defendants), Respondents.

No. 22644.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1958.

Edwin Earnshaw, Kansas City, and Donald C. Earnshaw, Lee's Summit, for appellants.

Johnson, Lucas, Bush & Gibson, by William A. Cameron, Kansas City, for respondents.

CAVE, Judge.

This is an appeal by the plaintiffs from a judgment of the Circuit Court of Jackson County *at Independence,* sustaining defendants' motion to dismiss the petition.

The petition is in 25 counts. The material part of the first count is that the defendant Mid-Continent Building Company was a subdivider and owner of 42 lots in Jackson County and all located outside of *Kaw Township;* that about January, 1956, Mid-Continent orally employed the plaintiffs "to sod the lots", and agreed to pay the reasonable value for the labor and material therefor; that the plaintiffs performed the labor and furnished the sod and completed the work on March 30, 1956; that the reasonable value of such labor and material is $6,614; that demand had been made for the payment thereof and the defendant had failed and refused to do so; that on September 24, 1956, the plaintiffs filed "in the office of the clerk of the Circuit Court of Jackson County, at *Independence",* statements of mechanic's liens in and on the described lots; and that this suit was filed within 90 days thereafter. The prayer of Count One sought judgment against Mid-Continent in the sum of $6,614, with interest, and that such judgment be declared a specific lien on the lots in said petition described.

The second count incorporated the allegations of the first count, and further alleged that the Republic National Bank of Dallas, Dallas, Texas, was the owner of a certain deed of trust on a certain number of lots; that said deed of trust was dated August 22, 1955; that defendant T. J. Bettes Co. was the owner of a deed of trust on the remainder of said lots; that such deed of trust was executed subsequent to the performance of the services and the furnishing of the material by the plaintiffs, and is junior to the claimed lien of

the plaintiffs. The prayer of Count Two asks the court to determine and fix the priority of the liens of plaintiffs and the owners of said deeds of trust.

Counts 3 to 25, both inclusive, alleged that subsequent to the time plaintiffs furnished the labor and material for the sodding of the various lots, the Mid-Continent had sold certain numbered lots to certain individuals, who are named as defendants herein; and each count prayed for a joint judgment against Mid-Continent and each purchaser in a certain amount; and that a lien for such amount be established on each lot.

The motion to dismiss was based on two grounds: (1) that the petition fails to state a cause of action upon which relief can be granted against any of the defendants; and (2) that prior to the time plaintiffs' notices of lien and petition based thereon had been filed, defendant Mid-Continent had filed, in the Circuit Court of Jackson County *at Kansas City,* a suit for damages for the breach of the contract for sodding, which was the basis of plaintiffs' cause of action in their petition; that said suit was pending in the Circuit Court *at Kansas City;* and that the claim asserted by the plaintiffs against Mid-Continent arose out of the same transaction or occurrence which is the subject matter of plaintiffs' claim.

The trial court did not assign any reason for sustaining the motion. However, on appeal, two questions are presented. The first is whether Counts 3 to 25 state a cause of action against the individual purchasers of their respective lots; and the second is whether the plaintiffs can and should file their lien suit as a counterclaim to the Mid-Continent suit pending in *Kansas City* under the compulsory counterclaim statute, Section 509.420 RSMo 1949, V.A.M.S.

The individual defendants contend that the court correctly ruled that Counts 3 to 25 did not state a cause of action against them. Mid-Continent contends the court correctly sustained the motion as to it on the second ground assigned.

Relative to the second ground for dismissal, the parties have stipulated that the Mid-Continent had filed its suit for damages for breach of the contract, in the Circuit Court *at Kansas City,* prior to the time plaintiffs filed their notice of lien and the suit thereon in the Circuit Court *at Independence,* and that the two suits arose out of the same transaction and occurrences.

■ We will first consider whether Counts 3 to 25 state a cause of action against the individual defendants. Plaintiffs' lien is authorized by Sec. 429.560 RS Mo 1949, V.A.M.S., which provides for a nursery and landscaper's lien. However, this section also provides that (2) "such lien shall be enforceable only against the property of the original purchaser of such plants unless the lien is filed against the property prior to the conveyance of such property to a third person." It appears on the face of the pleadings and the record that the individual defendants named in Counts 3 to 25, both inclusive, had purchased their respective lots prior to the time the lien was filed; and in oral argument in this court, plaintiffs' attorney conceded that plaintiffs could have no lien or personal judgment against the individual purchasers of such lots. Consequently, Counts 3 to 25, as pleaded, did not state a cause of action against the individual purchasers of said lots.

However, we hold that Counts 1 and 2 state a cause of action against defendant Mid-Continent. We understand it concedes that fact. But it contends that plaintiffs' lien suit should be filed as a counterclaim to its suit for damages for breach of the contract pending in the Circuit Court *at Kansas City;* and that if not so filed, plaintiffs will thereby waive their lien claim. On this point, the plaintiffs argue that the court *at Kansas City* does not have and cannot acquire jurisdiction over their lien suit because the lots involved are outside of *Kaw Township.*

The statute which poses this question of jurisdiction of mechanic's lien suits in

Jackson County is Sec. 478.483, V.A.M.S., which reads: "All mechanic's liens upon real estate situate *in Kaw township* in Jackson county shall be filed in the office of the clerk of the circuit court *at Kansas City,* and suits for the enforcement thereof shall be brought in the circuit court *at Kansas City.*" (Italics supplied.)

Since the lots involved are situated outside of *Kaw Township,* it must be conceded, and we think it is conceded, that the Circuit Court *at Independence* would *ordinarily* have jurisdiction of plaintiffs' lien suit. The Supreme Court has so held. See State ex rel. Sears v. Hall, 325 Mo. 321, 28 S.W.2d 1026, and Goodner v. Mosher-Roe Abstract & Guaranty Co., 314 Mo. 151, 282 S.W. 698. However, as heretofore stated, defendant Mid-Continent contends that since it filed its damage suit for breach of the contract *at Kansas City,* prior to plaintiffs filing their lien suit *at Independence,* the plaintiffs must file their lien suit as a counterclaim to such damage suit under the compulsory statute, supra, or waive their claim; and that the Circuit Court *at Kansas City* would have jurisdiction of such lien claim. The plaintiffs contend to the contrary.

These divergent contentions present an anomalous situation; because if plaintiffs' lien suit comes within the provisions of the compulsory counterclaim statute, then it must be filed as such in the damage suit *at Kansas City,* or the plaintiffs will have waived their right to recover thereon; State ex rel. Mack v. Scott, Mo.App., 235 S.W. 2d 106, 111; Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001; and if it also be held that under Sec. 478.483, supra, the court *at Kansas City* cannot acquire jurisdiction of a mechanic's lien suit affecting property outside of *Kaw Township,* then the plaintiffs would be denied a forum in which to litigate their claim. It is inconceivable that the legislature intended such an incongruous situation; or that the law will tolerate it.

We will first decide whether the lien claim falls within the compulsory counter-claim statute, Sec. 509.420. This section reads: "A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrences that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

In considering the applicability of this section, it must be kept in mind that Joe and Billy Rape, defendants in the damage suit, but plaintiffs in the lien suit, filed a general denial as an answer to the damage suit *at Kansas City* before they filed their notices of liens and the petition thereon *at Independence.*

■ The parties concede that the damage suit and the lien suit arise out of the same transaction. The only objection that the plaintiffs make to the application of the compulsory counterclaim statute is that the court *at Kansas City* cannot acquire jurisdiction of a third party, to-wit: Republic National Bank of Dallas, Texas. There is no merit in this contention, because the court *at Kansas City* can acquire the same jurisdiction over the bank that the court *at Independence* could acquire. If the bank's presence is necessary for granting complete relief of the counterclaim, the court should order it brought in, if jurisdiction can be obtained; Sec. 509.470. Whether such jurisdiction has been or can be acquired will be passed on when that issue is presented on the manner of service.

■ We conclude that plaintiffs' lien suit comes within the provision of the compulsory counterclaim statute. The clear intent and purpose of this statute is to discourage separate litigations covering the same subject matter, and to require their adjudication in the same action, and it is a means of bringing all logically related claims into a single litigation through the penalty of precluding the later assertion

of omitted claims. Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001; Cantrell v. City of. Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474.

The most controversial and vital question presented is whether the court *at Kansas City* can acquire jurisdiction of plaintiffs' lien suit *as a counterclaim* to Mid-Continent's damage suit. This question arises because of the divergent constructions put on Sec. 478.483, which, as set out above, requires that all mechanic's liens upon real estate situated in *Kaw Township,* and suits to enforce the same, shall be filed "in the circuit court at Kansas City". Does this mean that the court *at Kansas City* cannot, under any circumstances, acquire jurisdiction of a lien suit on property located outside of *Kaw Township*? We think not.

This statute has been construed by the supreme court in two cases. In Goodner v. Mosher-Roe Abstract & Guaranty Co., supra, it is held that in a proceeding to establish a mechanic's lien on real estate within *Kaw Township, exclusive* jurisdiction is in the court *at Kansas City.* In State ex rel. Sears v. Hall, supra, it is held that the Circuit Court *at Independence* has jurisdiction of mechanic's lien proceedings affecting real estate in Jackson County, outside of *Kaw Township.* But that opinion does not hold that the court *at Independence* has *exclusive* jurisdiction of such proceedings. In referring to the *territorial* jurisdiction of the *Circuit Court of Jackson County,* and the various divisions thereof, the court said, 28 S.W.2d at page 1027: "* * * Aside from the exclusive jurisdiction of mechanic's lien cases conferred upon the Kansas City division within the then existing limits of Kaw * * * townships, the jurisdiction of each of these divisions was the same". In other words, all the divisions of the Circuit Court of Jackson County have equal and concurrent jurisdiction of causes of action properly brought in the county, except mechanic's lien cases affecting real estate in *Kaw Township.* This is neces-

sarily so because the Circuit Court of Jackson County is a court of general jurisdiction and has "* * * exclusive * * * jurisdiction in all civil cases not otherwise provided for, * * *"; Sec. 14, Art. V, Const.V.A.M.S.; and its authority and jurisdiction to proceed with a subject matter will not be divested or impaired unless such restriction clearly and expressly appears by statute; Tackett v. Vogler, 85 Mo. 480, 483. In courts of general jurisdiction, everything is presumed in their favor; Schell v. Leland, 45 Mo. 289, 294; and nothing will be presumed to be without their jurisdiction; Davidson v. Schmidt, 256 Mo. 18, 164 S.W. 577, 578.

The only express limitation on the territorial jurisdiction of a division of the Circuit Court of Jackson County concerning mechanic's liens relates to liens on real estate *within Kaw Township.* But that section (478.483) does not expressly deprive the court *at Kansas City* of jurisdiction over lien suits affecting real estate *outside of Kaw Township,* and we do not believe it does so by implication. To so hold, under the circumstances of this case, would, in effect, deny the Rapes a forum in which to litigate their claim.

It is our conclusion that when Mid-Continent filed its damage suit, *at Kansas City,* for breach of the contract, and the plaintiffs filed answer thereto before they filed their lien suit *at Independence* on the same contract, the court, *at Kansas City,* thereby acquired jurisdiction of the parties and all causes of action which either had growing out of said contract; and that the plaintiffs can (Sec. 509.450) and must file their lien suit as a counterclaim to Mid-Continent's damage suit, or waive their right to proceed thereon in an independent action. State ex rel. Mack v. Scott, supra; Keller v. Keklikian, supra.

It follows that the court *at Independence* properly dismissed plaintiffs' lien suit because, under the facts and the state of the pleadings, the plaintiffs did not have a cause of action which they could pursue, *in-*

*dependent* of Mid-Continent's suit then pending *at Kansas City*; Keller v. Keklikian, supra; and because Counts 3 to 25, both inclusive, do not state a cause of action against the individual defendants.

The judgment of dismissal is affirmed.

All concur.