**STOWELL ELECTRIC COMPANY,**
Appellant,

v.

**BLUE VALLEY FOUNDRY COMPANY,**
et al., Respondents.

**No. 55482.**

Supreme Court of Missouri,
Division No. 1.

May 10, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied June 14, 1971.

Cottingham, Williamson, Gibson & Leonard, J. D. Williamson, Jr., Independence, for appellant.

Jack C. Terry, Independence, for respondent, Standard State Bank.

Betsy Ann Stewart, Independence, for respondent, Trustee.

HIGGINS, Commissioner.

Appeal from dismissal of action for enforcement of mechanic's lien. The lien statement and petition for enforcement were filed in the office of the Clerk of the Circuit Court of Jackson County at Independence, and sought to impress and enforce a lien upon land located in Kaw Township of Jackson County. Respondents moved to dismiss the petition for failure to comply with Section 478.483, V.A. M.S., which requires mechanic's liens and suits for enforcement upon real estate in Kaw Township to be filed in the office of the Clerk of the Circuit Court of Jackson County at Kansas City. The court sustained the motion to dismiss, and this appeal attacks the constitutionality of said Section 478.483.

Section 429.080, V.A.M.S., provides that any person seeking to obtain the benefits of Sections 429.010 to 429.340 pertaining to mechanic's liens shall file his lien statement "with the clerk of the circuit court of the proper county * * *."

Section 478.463, V.A.M.S., provides that the Circuit Court of Jackson County, Circuit Sixteen, shall be composed of seventeen divisions[1] with thirteen sitting at Kansas City and four at Independence.

Section 478.483, V.A.M.S., provides that "All mechanic's liens upon real estate * * * in Kaw township in Jackson County shall be filed in the office of the clerk of the circuit court at Kansas City, and suits for the enforcement thereof shall be brought in the circuit court at Kansas City."

Article 5, Section 14, Missouri Constitution, V.A.M.S., gives the circuit courts "exclusive original jurisdiction in all civil cases not otherwise provided for * * *. Such courts shall sit at times and places in each county as prescribed by law."

The right to establish a mechanic's lien is purely statutory, and no lien may attach except in compliance with the statute. Wilson v. Berning, Mo.App., 293 S.W.2d 151, 156[8]. Appellant failed to comply with the statute requiring a lien affecting real estate in Kaw Township of Jackson County to be filed in the office of the Circuit Clerk of Jackson County at Kansas City. When such lien was filed instead at Independence, it became subject to dismissal for failure to state a claim upon which relief could be granted because "a lien claim filed * * * at Independence, purporting to be a charge against real estate in Kaw township, is a nullity * * *. It gives no more notice of * * * a mechanic's lien on real estate in Kaw township than if it had been filed in an adjoining county." Goodner v. Mosher-Roe Abstract & Guaranty Co., 314 Mo. 151, 282 S.W. 698, 699.

In order to relieve itself of the consequences of failing to comply with Section 478.483, supra, appellant contends that Section 478.483 is unconstitutional because:

I. "Said statute unlawfully ousts the divisions of the Sixteenth Judicial Circuit of Jackson County, Missouri, sitting at * * Independence * * * from their lawful jurisdiction in violation of Article 5, Section 14 of the Constitution of * * * Missouri * * * by depriving said divi-

---

1. Note that a division of a multijudge circuit court such as in the Jackson County Circuit Court, is not a separate court but a part of one circuit court. Chance v. Franke, 348 Mo. 402, 153 S.W.2d 378; Goddard v. Delaney, 181 Mo. 564, 80 S.W. 886; Graff v. Continental Auto Ins. Underwriters, 225 Mo.App. 85, 35 S.W.2d 926.

sions of jurisdiction to try and determine mechanic's lien actions concerning land located in Kaw Township, Jackson County * * * ";

II. "Said statute is special legislation and * * * a local law in violation of the Constitution of * * * Missouri * * * Article 3, Section 40(1) (3) (4) (6) by impairing plaintiff's mechanic's lien through the device of locally altering the general county wide venue of those divisions * * * sitting in Independence and thus locally regulating the jurisdiction of said divisions and imposing a local limitation on plaintiff's civil action to perfect his mechanic's lien * * * ";

III. "Said statute deprives the plaintiff of his equal rights and protection under the law in violation of * * * Article 1, Section 2 [Mo.Const.] and Amendment 14, Section 1 [U.S.Const.] by creating an unreasonable and arbitrary discrimination in the plaintiff's selection of a forum for the perfection of mechanic's liens located in Kaw Township * * * ."

It may be said generally, since the early cases, that when a statute comes under attack, there is a presumption of its validity; it will not be held void absent a clear showing that the legislature transcended its powers in enacting it; doubts will be resolved in favor of validity; and the burden is on the party urging invalidity. See, e. g., State v. Addington, 12 Mo.App. 214, aff. 77 Mo. 110; St. Louis County Court v. Griswold, 58 Mo. 175. Equally established is the rule of construction " 'that the law does not favor repeal by implication but that where there are two or more provisions [Sections 429.080 and 478.483] relating to the same subject matter they must, if possible, be construed so as to maintain the integrity of both.' " State ex rel. McDowell v. Smith, 334 Mo. 653, 67 S.W.2d 50, 57[10].

Under Point I appellant's argument is that Section 478.483 is a "jurisdictional limitation on the divisions of the Circuit Court of Jackson County sitting in Independence not applicable to the divisions * * * sitting at Kansas City."

The provisions of Section 478.483, supra, have been accepted and effectively utilized since its first enactment in 1871. In Goodner v. Mosher-Roe Abstract & Guaranty Co., supra, a constitutional attack was made on the statute and, after reviewing its long history, free of attack, the court considered it "would serve no constitutional purpose in striking it down at this late date [1926]." 282 S.W. l. c. 699[3]. Similarly, State ex rel. Sears v. Hall, 325 Mo. 321, 28 S.W.2d 1026, 1027, observed that the statute's validity "under the Constitution, so far as it relates to the limiting of the venue of mechanic's lien cases to the Kansas City division of the circuit court of Jackson County, has never been questioned. However mindful we may be, therefore, * * * that the life-giving source of a statute must be derived from its conformity with the organic law, we are inclined, on account of the antiquity of the section, * * * since the adoption of the act of 1871, and its uniform recognition as a live law during that time, to pass sub silentio any query * * * as to its validity. * * * The evident purpose of the subdivision of the circuit court of Jackson County and the consequent creation of the Kansas City division was to facilitate the business of the court. Aside from the exclusive jurisdiction of mechanic's lien cases conferred upon the Kansas City division within the then existing limits of Kaw and Westport townships, the jurisdiction of each of these divisions was the same." The propriety of this provision was more recently recognized in Rape v. Mid-Continent Bldg. Co., Mo.App., 318 S.W.2d 519, 523[4, 5], even though its principal holding was that a defendant, sued on contract in Kansas City, had to pursue his own related case as a mandatory counterclaim rather than to file subsequently his lien claim

which would, absent the pending suit, be filed at Independence.

The presumption of validity was recognized in State ex rel. Judah v. Fort, 210 Mo. 512, 109 S.W. 737, considering the constitutionality of a similar statute creating an additional criminal court division in the Jackson County Circuit Court and providing for change of venue from the existing criminal court to the newly-created division. The court reviewed many jurisdictional and venue variations among the circuit courts of the state previously upheld and, in upholding the act there questioned, ruled that "The judicial system of the state is a whole, and therefore acts dealing with the courts have been usually held general, though not applicable to every court of like nature in the state." 109 S.W. 1. c. 742.

A statute should, perhaps, never be free of constitutional attack simply because of its age, dissent in Goodner v. Mosher-Roe, supra, 282 S.W. 1. c. 700, but, under these cases, appellant has failed to show any reasonable effect as to support the assertion of unconstitutional jurisdictional limitation. In this respect, appellant presents no problem that could not be solved by filing its lien in the proper office of the Clerk of the Jackson County Circuit Court, statutory judges being provided for such cases at both Kansas City and Independence.

Under II, appellant's argument is that Section 478.483 is "obviously local legislation since it relates solely to the territorial jurisdiction of Kaw Township and the Circuit Court of Jackson County sitting at Kansas City," and that "a mechanic's lien claimant is deprived of a forum for the litigation of his * * * claim"; and under III, the argument is that the mechanic's lien claimant would be deprived of "equal rights and opportunities under the law."

It is true, of course, that the statute contains an "express limitation on the territorial jurisdiction of a division of the Circuit Court of Jackson County concerning mechanic's liens relates to liens on real estate *within Kaw Township*," Rape v. Mid-Continent Bldg. Co., supra, 318 S.W.2d 1. c. 523, and it does not appear that any other circuit court is similarly affected. This does not mean, however, that Section 478.-483 is that special or local legislation proscribed by Article 3, Section 40, Missouri Constitution.

Whether an act of the legislature be a local or a general law "must be determined by the generality with which it affects the people as a whole rather than by the extent of the territory over which it operates; and if it affects equally all persons who come within its range, it can be neither special nor local, within the meaning of the Constitution." State ex rel. Judah v. Fort, supra, 109 S.W. 1. c. 741, finding a venue statute applicable only to Jackson County to be constitutional. Plaintiff was in no way denied access to the courts by the statute; he had only to comply with it in order to have a forum. Neither was plaintiff in any way set apart because all persons within purview of the statute are equally subject to the same provision and are, therefore, afforded equal protection of the law. State v. Day-Brite Lighting, 362 Mo. 299, 240 S.W.2d 886. With respect to its reasonability, it already has been noted that the statute was enacted for the worthwhile purpose of facilitating the business of the Jackson County Circuit Court. Similar limitation and convenience are provided with respect to filing deeds, deeds of trust, mortgages and other instruments affecting real property. Section 59.163, V. A.M.S., provides that in any county of the first class, such as Jackson County, in which the recorder of deeds is required to keep offices both at the county seat and at another place, all such filings affecting real estate in the range "where the office outside of the county seat is located shall be recorded in such office and not at the county seat"; and Section 59.170, V.A.M.

S., requires the Jackson County recorder of deeds to open an office in Kansas City "in which shall be recorded all * * * instruments affecting real property situated in range thirty-three in that county * * *."

Accordingly, it may not be said that Section 478.483, V.A.M.S., is unconstitutional on any of the suggested grounds.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., BARDGETT, J., and SEMPLE, Special Justice, concur.

HOLMAN, J., not sitting.